Charlottesville
WILLIAM LEE SINK
v.
COMMONWEALTH OF VIRGINIA
No. 1798-90-3
Decided January 21, 1992

COUNSEL

Jonathan S. Kurtin (Lutins and Shapiro, on brief), for appellant.

Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**MOON, J.**—William Lee Sink seeks reversal of a final judgment, entered on October 9, 1990, adjudicating him to be an habitual offender. He argues that the Commonwealth waived its right to have him adjudged an habitual offender because (1) after the last

predicate conviction on December 18, 1989, the Commissioner of the Department of Motor Vehicles issued him an operator's license on June 18, 1990; (2) the Roanoke County's Commonwealth's Attorney did not file an information until July 24, 1990; (3) the court that convicted him on December 18, 1989, of driving while intoxicated did not treat the conviction as a subsequent offense; or because (4) of the combination of these facts. We disagree and affirm the judgment because, notwithstanding any of the aforementioned actions by agents of the Commonwealth, the Commonwealth, as a matter of law, may not be deemed to have waived its duty to have Sink declared an habitual offender.

■ The purpose of the habitual offender provisions in Code §§ 46.2-351 to -355 is to protect the public by removing from the roads a dangerous driver. *See Salama v. Commonwealth*, 8 Va. App. 320, 323, 380 S.E.2d 433, 435 (1989). Enforcement of the Habitual Offender Act is a governmental function. *See* Code §§ 46.2-351 to -355.

■ In order for a person to be declared an habitual offender, the Commonwealth must prove the person was convicted of three or more specified offenses arising out of separate acts within a ten-year period. Code § 46.2-351. The specified offenses include driving a motor vehicle while under the influence of intoxicants in' violation of Code § 18.2-266. *Id.* Sink has been convicted of three separate driving while intoxicated offenses specified in Code § 46.2-351 within a ten-year period, on August 20, 1984, March 19, 1985, and on December 18, 1989. Thus, he was shown to be an habitual offender as defined in the statute.

The Habitual Offender Act is expressed in mandatory terms: the "Commissioner [of the Department of Motor Vehicles] *shall* certify" to the Commonwealth's Attorney the driving record of the alleged offender; the Commonwealth's attorney "*shall* forthwith file information against the person named therein;" the "court in which an information is filed *shall* enter an order . . . directed to the person named . . . therein, to show cause why he should not be barred from driving a motor vehicle;" a copy of the show cause order "*shall* be served on the person named therein in the manner prescribed by § 8.01-296(1);" and "if the court finds that the person is an habitual offender, the court *shall* so find and by appropriate order direct the person not to operate a motor vehicle." Code §§ 46.2-351 to -355 (emphasis added). Thus it is clear

that the General Assembly intended, if a respondent satisfies the statutory requisites, that there be no discretion in enforcing the Habitual Offender Act, except as provided in Code § 46.2-352.[1]

An agency of the federal government by its actions or conduct may not estop the federal government from exercising its governmental function. *United States v. Stewart*, 311 U.S. 60, 70 (1940). Although no statute or constitutional provision in Virginia provides expressly that an agent of the Commonwealth may not waive the enforcement of state law, we hold that the doctrines of laches and estoppel may not be employed to bar the state from exercising its governmental functions and that an agent of the Commonwealth may not waive the right of the Commonwealth to exercise its governmental function of enforcing the Habitual Offender Act.

"Waiver is the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it." *Roenke v. Virginia Farm Bureau Mutual Ins. Co.*, 209 Va. 128, 135, 161 S.E.2d 704, 708-09 (1968). The effect of a waiver is to "estop" one from the exercise of a right. *Id.* at 135, 161 S.E.2d at 709. *See also Richmond Leather Mfg. Co. v. Fawcett*, 130 Va. 484, 505-06, 107 S.E. 800, 808 (1921); *Miller & Co. v. Lyons*, 113 Va. 275, 290, 74 S.E. 194, 200 (1912); 19 Michies' Jurisprudence, *Waiver* § 2 (1991).

The doctrine of estoppel does not apply to bar the rights of the Commonwealth when acting in its sovereign or governmental capacity. *Westminster-Canterbury of Hampton Roads, Inc. v. City of Virginia Beach*, 238 Va. 493, 503, 385 S.E.2d 561, 566 (1989). Likewise, the doctrine of laches may not be set up as a defense against the Commonwealth. *See In re Dep't of Corrections*, 222 Va. 454, 465, 281 S.E.2d 857, 863 (1981). This result follows because the legislature alone has the authority to define and mandate governmental functions. *Main v. Dep't of Highways*, 206 Va. 143, 150, 142 S.E.2d 524, 529 (1965).

Reason and policy dictate that the state may not waive the exercise of its governmental function. There is an even less com-

---

[1] Code § 46.2-352 provides that the court may refuse to enter an adjudication where the certification was made more than five years after the date of the most recent of the convictions which bring the person within the definition of habitual offender and the person would be otherwise eligible for restoration of his privileges under Code § 46.2-360.

pelling reason to apply the doctrine of waiver to the state than to apply the doctrine of estoppel. An element of estoppel is that the party asserting the estoppel must have acted upon the conduct of the other party. *Khoury v. Community Memorial Hospital, Inc.*, 203 Va. 236, 243, 123 S.E.2d 533, 538 (1962). However, a waiver only requires the intentional unilateral act of the party against whom the waiver is asserted and does not require reliance by the party asserting the waiver. *See Miller & Co. v. Lyons*, 113 Va. at 289-90, 74 S.E. at 200. Waiver focuses on the intent of the party against whom the waiver is asserted; estoppel focuses on the reaction of the party to the conduct of the party against whom the estoppel is asserted. Under the theory advanced by appellant, a person unharmed or unaffected by state action (waiver) could benefit therefrom; a person harmed or affected in reaction to other state action (as in estoppel) would have no relief because, as noted above, the doctrine of estoppel does not prevent the Commonwealth from enforcing laws in its governmental function.

Because the Commonwealth may not be estopped to enforce the Habitual Offender Act, we hold that action or inaction by an agent of the Commonwealth cannot be construed as a waiver giving rise to the effect of estopping the Commonwealth from enforcing the law. Thus, even if the actions or inactions complained of by Sink constituted a waiver, which we do not suggest they did, the Commonwealth was not barred from enforcing the Habitual Offender Act.

The judgment is affirmed.

*Affirmed.*

Barrow, J., and Coleman, J., concurred.