COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


CAROL A. BRUNTY, COMMISSIONER,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES
                                      OPINION BY
v.         Record No. 0725-95-2    JUDGE ROSEMARIE ANNUNZIATA
                                      MARCH 26, 1996
BARBARA SMITH


            FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
                  Charles L. McCormick, III, Judge


            Craig M. Burshem, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            William H. Hurd, Deputy Attorney General;
            Siran S. Faulders, Senior Assistant Attorney
            General, on brief), for appellant.

            John M. Boswell for appellee.


     A local department of appellant, Virginia Department of

Social Services ("DSS"), determined that appellee, Barbara Smith

("Smith"), had committed "Founded-Physical Abuse-Level 3" against

J. H. ("child").  Smith appealed to the Commissioner of DSS

("Commissioner"), who affirmed the local department's finding.

Smith appealed to the Circuit Court of Lunenburg County, which

reversed the Commissioner's decision and dismissed the case.  DSS

appealed, contending that the trial court erred in reversing the

Commissioner's affirmance.  DSS also filed a motion to vacate

both the trial court's order appointing a "special prosecutor"

and its order reversing the Commissioner's affirmance.  We agree

with DSS' contention that the court had no authority to appoint a

special prosecutor and remand this case for a new hearing.[1]

The facts are as follows. After Smith appealed the Commissioner's decision to the Lunenburg County Circuit Court, the court appointed Edwin B. Baker ("Baker"), Commonwealth's Attorney of Charlotte County, as a special prosecutor to act on behalf of DSS after finding that Smith was a personal friend of the Commonwealth's Attorney for Lunenburg County. Neither DSS nor the Attorney General's Office received notice of Baker's appointment. Meanwhile, the Attorney General's Office entered its appearance as counsel of record by filing an answer to Smith's petition for appeal. Notwithstanding the Attorney General's appearance in the case, neither it nor DSS was notified of the circuit court hearing scheduled on the matter.

At the hearing, Baker, after reviewing the evidence in the case, represented to the court that he found the evidence insufficient to support the finding of child abuse. Baker thereafter prepared an order which the court entered, dismissing the matter and ordering that Smith's name be removed from any register identifying her as having been found guilty of Physical Abuse–Level 3. Baker signed the order under the heading, "We ask for this." The order states that Baker "acted with full knowledge and concurrence of the office of the Attorney General."

DSS' motion to vacate is based on the trial court's

---

[1] Because we decide the case on the grounds raised in DSS' motion to vacate, we address neither Smith's motion to dismiss nor the merits of the issues raised on appeal.

appointment of a prosecutor to act on behalf of DSS.  DSS claims

the appointment was improper and deprived it of legal

representation before the court.  DSS contends that the case was

civil, not criminal, and that Code § 2.1-121 requires that DSS be

represented by the Attorney General's Office in such cases.  We

agree.

The matter before the court was civil in nature rather than

criminal.  See Jackson v. W., 14 Va. App. 391, 410, 419 S.E.2d

385, 396 (1992); cf. Commonwealth v. Gray, 248 Va. 633, 635-36,

449 S.E.2d 807, 809 (1994) (proceedings on unreasonable refusal

charge are civil and administrative in nature).  Code § 2.1-121[2]

---

[2]    Code § 2.1-121 provides, in part:

> All legal service in civil matters for
> the Commonwealth, the Governor, and every
> state department, institution, division,
> commission, board, bureau, agency, entity,
> official, court, or judge, including the
> conduct of all civil litigation in which any
> of them are interested, shall be rendered and
> performed by the Attorney General, except as
> hereinafter provided in this chapter and
> except for any litigation concerning a
> justice or judge initiated by the Judicial
> Inquiry and Review Commission.  No regular
> counsel shall be employed for or by the
> Governor or any state department,
> institution, division, commission, board,
> bureau, agency, entity, or official. The
> Attorney General, in his discretion, may
> represent personally or through one or more
> of his assistants any number of state
> departments, institutions, divisions,
> commissions, boards, bureaus, agencies,
> entities, officials, courts, or judges which
> are parties to the same transaction or which
> are parties in the same civil or
> administrative proceeding and may represent
> multiple interests within the same

provides that the Office of the Attorney General shall provide all legal services for the Department of Social Services in civil matters.  See also Code § 2.1-121.2.[3]  In the context of Code § 2.1-121, the term "shall" is mandatory and reflects the General Assembly's intention that there be no discretion in complying with statute, except as provided in the statute itself.  See Sink v. Commonwealth, 13 Va. App. 544, 546-47, 413 S.E.2d 658, 659-60 (1992).  Code § 2.1-121 contains three exceptions: (1) where the

(..continued)
> department, institution, division, commission, board, bureau, agency, or entity.  The Attorney General, in his discretion, may represent personally or through one of his assistants any of the following persons who are made defendant in any civil action for damages arising out of any matter connected with their official duties: any member, agent, or employee of . . . the Department of Social Services. . . . If, in the opinion of the Attorney General, it is impracticable or uneconomical for such legal service to be rendered by him or one of his assistants, he may employ special counsel for this purpose, whose compensation shall be fixed by the Attorney General.

[3]  Code § 2.1-121.2 provides:

> Notwithstanding any other provision of law, if the Attorney General finds after consultation with the head of the affected department that it is in the best interests of the Commonwealth to do so, the Attorney General may, in his discretion, authorize any employee of his office or any employee of a department to represent that department or an affiliated body in any administrative proceedings before the department, an affiliated body or before any hearing officer or examiner appointed or employed by the department or affiliated body.

- 4 -

chapter expressly grants an exception, <u>see</u> Code § 2.1-122;[4] (2)

[4] Code § 2.1-122 provides:

No special counsel shall be employed for or by the Governor or any state department, institution, division, commission, board, bureau, agency, entity, official, justice of the Supreme Court, or judge of any circuit court or district court except in the following cases:

(a) Where because of the nature of the service to be performed, the Attorney General's office is unable to render same, the Governor after issuing an exemption order stating with particularity the facts and reasons upon which he bases his conclusion that the Attorney General's office is unable to render such service, may employ special counsel to render such service as the Governor may deem necessary and proper.

(b) In cases of legal services in civil matters to be performed for the Commonwealth, where it is impracticable or uneconomical for the Attorney General to render same, he may employ special counsel whose compensation shall be paid out of the appropriation for the Attorney General's office.

(c) In cases of legal services in civil matters to be performed for any state department, institution, division, commission, board, bureau, agency, entity, official, justice of the Supreme Court, or judge of any circuit court or district court where it is impracticable or uneconomical for the Attorney General's office to render same, special counsel may be employed but only upon the written recommendation of the Attorney General, who shall approve all requisitions drawn upon the Comptroller for warrants as compensation for such special counsel before the Comptroller shall have authority to issue such warrants.

(d) In cases where the Attorney General certifies to the Governor that it would be improper for the Attorney General's office to render legal services due to a conflict of interests, or that he is unable to render certain legal services, the Governor may employ special counsel or other assistance to

where the litigation, initiated by the Judicial Inquiry and Review Commission, involves a justice or judge; and (3) where the Attorney General determines that it is impractical or uneconomical for his or her office to render the services.

None of the exceptions apply in this case. The trial court had no authority to appoint a "special prosecutor" to represent DSS in a civil proceeding. Baker had no authority to represent DSS either at the hearing or by his signature on the final order.[5] For these reasons, the final order was entered improperly, without endorsement of counsel of record. See Rule 1:13; Rosillo v. Winters, 235 Va. 268, 272-73, 367 S.E.2d 717, 719 (1988); Westerberg v. Westerberg, 9 Va. App. 248, 250, 386 S.E.2d 115, 116 (1989).

Accordingly, both the trial court's order appointing Baker as "special prosecutor" and its order reversing the Commissioner's decision in this case are vacated and the matter remanded for any further proceedings deemed appropriate.

(..continued)
render such services as may be necessary.

[5]    Smith contends the Attorney General knew that the matter had been assigned to a prosecutor and concurred in the decision to allow the prosecutor to proceed with the case. It is unclear from the evidence to what extent the Attorney General's Office was aware of Baker's representation of DSS. However, the Attorney General's knowledge or concurrence, even if established, is not determinative under the facts of this case. Neither waiver nor estoppel may be raised to bar the government from exercising its governmental functions. See Sink, 13 Va. App. at 547-48, 413 S.E.2d at 660-61; Monument Associates v. Arlington County Board, 242 Va. 145, 151, 408 S.E.2d 889, 892 (1991); cf. Falls v. Virginia State Bar, 240 Va. 416, 418, 397 S.E.2d 671, 672 (1990) (applying same principle to administrative agency).

<u>Vacated and remanded</u>.