COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


WALTER L. PAYNE, JR.
                                        OPINION BY
v.         Record No. 1325-95-4    JUDGE JERE M. H. WILLIS, JR.
                                        MARCH 11, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Jane Marum Roush, Judge

        Robert M. Byrne for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        Walter L. Payne, Jr. was adjudged an habitual offender under

Code § 46.2-355.  On appeal, he contends (1) that the

Commonwealth was barred from seeking his adjudication because it

failed to file an information against him "forthwith" as required

by Code § 46.2-353, and (2) that the Department of Motor Vehicles

abstract filed and presented by the Commonwealth improperly

omitted his prior certification as a possible habitual offender.

 We find no error and affirm the judgment of the trial court.

        On February 11, 1993, the Commissioner of the Department of

Motor Vehicles (DMV) certified to the Commonwealth's Attorney

that Payne was a possible habitual offender.  The Commonwealth's

Attorney took no action on this certification.  On June 30, 1994,

Payne's driver's license expired.  On July 11, 1994, the

Commissioner again certified that Payne was a possible habitual

offender.  The second certification was based upon the same

record of convictions as the February, 1993 certification.

On October 27, 1994, the Commonwealth's Attorney filed an information based upon the second certification and a rule was entered requiring Payne to show cause pursuant to Code § 46.2-354 why he should not be adjudicated an habitual offender. The DMV abstract attached to the information made no reference to the first certification. In an opinion letter filed April 17, 1995, the trial court rejected arguments not presented on appeal and denied Payne's motion to dismiss the rule to show cause.

On May 4, 1995, Payne moved to reopen the hearing. On May 19, 1995, the trial court heard oral argument on this motion and accepted into evidence a DMV abstract that set forth Payne's February, 1993 certification. The trial court denied the motion to reopen the hearing and adjudged Payne to be an habitual offender.

Payne first contends that because the Commonwealth failed to act "forthwith" upon his first certification, it may not seek his adjudication as an habitual offender based upon a second certification for the same convictions. Code § 46.2-353, as in force at the time of Payne's certification and adjudication,[1] provided:

> The attorney for the Commonwealth, on receiving the transcripts or abstracts from the Commissioner provided for in § 46.2-352, shall forthwith file information against the person named therein . . . .

[1]Acts of Assembly 1995, Chapter 799, rewrote this section, effective January 1, 1996.

(Emphasis added).  In <u>Potter v. Commonwealth</u>, 10 Va. App. 113, 390 S.E.2d 196 (1990), we determined that the Commonwealth had not acted "forthwith" when it sought to have Potter declared an habitual offender eleven months after the certification. Potter's adjudication was affirmed, however, because no prejudice resulted from the delay.

Payne argues that because the Commonwealth's Attorney failed to act forthwith, and because he demonstrated resulting prejudice, the trial court erred in refusing to dismiss the information against him pursuant to <u>Potter</u>.  We disagree.

We assume, without deciding, that the Commonwealth's Attorney failed to act "forthwith" on Payne's first certification.  However, our decision is controlled by <u>Sink v. Commonwealth</u>, 13 Va. App. 544, 413 S.E.2d 658 (1992).  In <u>Sink</u>, the defendant argued that the Commonwealth waived its right to have him adjudged an habitual offender because the Commissioner issued him a driver's license after his third conviction for driving while intoxicated, and because the Commonwealth delayed in filing an information against him.  We held:

> that the doctrines of laches and estoppel may
> not be employed to bar the state from
> exercising its governmental functions and
> that an agent of the Commonwealth may not
> waive the right of the Commonwealth to
> exercise its governmental function of
> enforcing the Habitual Offender Act.

<u>Id.</u> at 547, 413 S.E.2d at 660.

The Commonwealth pursued Payne's adjudication "forthwith"

following his second certification.  Whether the language of the Habitual Offender Act is directory or mandatory, the Commonwealth was not barred from seeking Payne's adjudication upon that certification.  Id. at 546-47, 413 S.E.2d at 659-60.

Payne next contends that the omission of the first certification from the abstract filed with the information denied the trial court the opportunity to hear and evaluate all the evidence, that the omission amounted to fraud on the court, that such fraud affected the outcome of the hearing, and that the trial court abused its discretion in denying Payne's motion to reopen the hearing.  We find this argument without merit.  The mere failure of the Commonwealth's Attorney to proceed timely upon the first certification did not bar the Commonwealth from enforcing the Habitual Offender Act upon the second certification.  Therefore, Payne's adjudication as an habitual offender was not affected by the omission of the first certification from the abstract.

> Furthermore:
> "[T]here is a presumption that public officers have properly discharged their duties and faithfully performed those matters with which they are charged."  The Commissioner of the Department of Motor Vehicles is presumed to have kept accurate records.

Commonwealth v. Dalton, 11 Va. App. 620, 623, 400 S.E.2d 801, 803 (1991) (citations omitted).

Code § 46.2-353[2] stated that:
> The Commissioner shall certify, from the Department's records, substantially in the manner provided for in § 46.2-215, three transcripts or abstracts of those conviction documents which bring the person named therein within the definition of an habitual offender. . . .

The Commissioner certified to the Commonwealth's Attorney an abstract of Payne's conviction documents as provided by Code § 46.2-353. The Commissioner was not required to transmit any information beyond that required to bring Payne within the definition of an habitual offender. See Nesselrodt v. Commonwealth, 19 Va. App. 448, 451-52, 452 S.E.2d 676, 678 (1994) (en banc).

The record discloses no evidence of fraud arising from the omission of the first certification from the transcript filed by the Commonwealth. Prior to final judgment adjudicating Payne an habitual offender, the trial court heard argument on Payne's motion to reopen the hearing and accepted a transcript containing the earlier certification. The trial court did not abuse its discretion in refusing to reopen the adjudication hearing.

The judgment of the trial court is affirmed.

Affirmed.

---

[2]In force at the times concerned in this appeal.