COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia

CLARENCE JUNIOR THOMAS
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1690-96-2    CHIEF JUDGE NORMAN K. MOON
                                         APRIL 22, 1997
COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF HENRICO COUNTY
                       James E. Kulp, Judge

             (H. Pratt Cook, III, on briefs), for
             appellant.  Appellant submitting on brief.

             (James S. Gilmore, III, Attorney General;
             Eugene Murphy, Assistant Attorney General, on
             brief), for appellee.  Appellee submitting on
             brief.


        Clarence Junior Thomas appeals his sentence for operating a

motor vehicle after having been declared an habitual offender.

Thomas argues that the trial court coerced his waiver of his

presentence report and that consequently, it is in the best

interests of justice to remand his case for re-sentencing.

Holding that Thomas failed to properly preserve this issue for

appeal and that the ends of justice nor good cause shown justify

waiver of the Rule 5A:18 bar, we affirm.

        On April 9, 1996, Thomas pled guilty to operating a motor

vehicle after having been declared an habitual offender (second

offense).  At the conclusion of his trial, Thomas requested that

a presentence report be completed.  The report was ordered, and

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Thomas was released on bond with a return date of June 11, 1996.

On June 4, 1996, Probation Officer Patricia A. Shaw, in a letter to the trial judge, stated:

> This Officer was assigned to complete the Presentence Report on April 16, 1996, and a social history questionnaire was mailed to the subject's residence on that same date. Although several attempts were made to reach the subject, this Officer did not have any contact with the subject until May 21, 1996. The subject telephoned the district office and an appointment was scheduled that day, for any time except between 12:00 and 1:00. The subject arrived at the district office at 12:00 and did not have the social history questionnaire completed. He was told he could remain at the district office to complete the questionnaire and this Officer would see him after 1:00, but he was not able to wait. This Officer was going to be in training for the remainder of the week, so the subject was given an appointment for May 28, 1996, and was told to bring in the completed questionnaire. On May 28, 1996, the subject did report to the district office, however, he had only filled out the first three (3) pages of the questionnaire. Some information was obtained from the subject and the remaining portion of the questionnaire was returned to the subject, with instructions to complete the same and return prior to his sentencing date. Requests for verifications were sent out, but none have been returned to date, thus the Presentence Report will not be completed as ordered.

On June 11, 1996, Thomas appeared for sentencing but after learning that his presentence report had not been filed, he requested the court grant a continuance until such time as the report could be completed. After reviewing Shaw's letter, the court stated that "[t]he letter seems to indicate that it's the fault of the defendant [that the report wasn't completed],

doesn't it?" Thomas' counsel proffered that many of Thomas'

relatives had been out of town which caused some difficulty in

completing the questionnaire and that as of the time of the

hearing, Shaw had all the information required to complete the

report. The following exchange then occurred between the Court

and Thomas' counsel:

> The Court: All right, Mr. Cook, I'm willing to continue the matter for the presentence report, but I'm going to revoke Mr. Thomas' bond.
>
> Mr. Cook: Your Honor, may I have a second to talk to Mr. Thomas to see if he would like to proceed?
>
> The Court: All right, because this matter occurred in November and this matter is going to be over. We're not putting it off any further.
>
> Mr. Cook: Yes, Judge. May I have an opportunity to talk to him to see if he would like to proceed today on sentencing?
>
> The Court: All right.
>
> Mr. Cook: Your Honor, in light of that, Mr. Thomas would like to proceed with sentencing.

Thomas' assertion that the trial court coerced his waiver of

the presentence report is raised for the first time on appeal.

At no time during the sentencing hearing was the trial judge

asked to vacate Thomas' sentence because of a coerced waiver of

the presentence report nor was any other indication made to the

trial court that Thomas waived under duress. Rule 5A:18 provides

that "[n]o ruling of the trial court . . . will be considered as

– 3 –

a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." McQuinn v. Commonwealth, 20 Va. App. 753, 755, 460 S.E.2d 624, 626 (1995) (en banc). Having failed to properly raise the issue at trial, Rule 5A:18 bars Thomas from raising this argument now except for good cause shown or to meet the ends of justice.

The record establishes that Thomas was made aware of his unequivocal right to have a presentence report completed and submitted to the court prior to his being sentenced. He was also made aware that the sentencing guidelines had been completed and that a recommendation of thirteen months, a period only slightly greater than the one year minimum, had been made. Thomas was informed that the trial judge and the Commonwealth were willing to proceed with only the guidelines if Thomas was willing to waive the presentence report.

"Waiver is the intentional relinquishment of a known right with both knowledge of its existence and intention to relinquish it." Sink v. Commonwealth, 13 Va. App. 544, 547, 413 S.E.2d 658, 660 (1992). Here, Thomas waived his right to a presentence report after being informed that it was the court's intention to revoke his bond in the event that the court granted Thomas' request for a continuance. It is undisputed on the record that Thomas was aware of his right and that he had the necessary intent when he waived that right. That Thomas was required to decide if he wished to waive his presentence report does not amount to coercion, even where the trial court announced that it

would revoke bond in the event that the continuance was granted. "Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose." Crampton v. Ohio, 402 U.S. 183 (1971), sentence vacated, 408 U.S. 941 (1972). Had Thomas decided to await the presentence report, the trial court's decision to revoke Thomas' bond on that basis would have been subject to immediate appeal.

Because the record does not show any obvious miscarriage of justice, neither the ends of justice nor good cause permit waiver of the Rule 5A:18 bar. Commonwealth v. Mounce, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). Accordingly, we do not reach the only issue raised by Thomas on brief and affirm.

Affirmed.