COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Causey
Argued at Richmond, Virginia

CITY-TO-CITY AUTO SALES, LLC, ET AL.
                                                    OPINION BY
v.      Record No. 0728-22-2         CHIEF JUDGE MARLA GRAFF DECKER
                                                    AUGUST 29, 2023
RONALD HARRIS

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Rondelle D. Herman, Judge

Christopher T. Holinger (Mary T. Morgan; Golightly Mulligan &
Morgan, PLC, on briefs), for appellants.

Henry W. McLaughlin (The Law Office of Henry McLaughlin,
P.C., on brief), for appellee.


City-to-City Auto Sales, LLC, and Omar White[1] appeal the circuit court's grant of default

judgment against them and awards of damages and attorney fees. For the following reasons, we

affirm the decision of the circuit court.

BACKGROUND[2]

In August 2020, the appellee went to City-to-City Auto Sales to discuss purchasing a

truck. The appellee informed White, City-to-City's sales manager and principal, that he "was

starting a car hauling business and needed a reliable diesel commercial truck." White

recommended a particular truck, falsely telling the appellee that he would get a "diagnostic done

---

[1] Although the appellants are named separately, White is the sole member of City-to-City Auto Sales. City-to-City and White are named individually where necessary throughout this opinion.

[2] In accordance with well-established legal principles, an appellate court reviews the evidence in the light most favorable to the prevailing party below, in this case, the appellee. *See Nichols Constr. Corp. v. Va. Mach. Tool Co., LLC*, 276 Va. 81, 84 (2008).

on the engine and transmission." The appellee made an initial payment of $3,000 to White, who then proceeded to bid on the recommended truck. White won the bid and obtained the vehicle for the appellee. He then told the appellee that the diagnostic check indicated an issue with the vehicle's air conditioning system but that otherwise it had no known mechanical problems. Based on this representation, the appellee signed a sales contract agreeing to buy the truck for approximately $43,000.

The contract included an arbitration provision. Through that provision, the parties agreed that "[a]ny [d]ispute shall, at [the appellee's] or [City-to-City Auto Sales]'s request, be resolved by binding arbitration and not in court." The agreement defined a "[d]ispute" as "any contract, tort, statutory or other claim . . . between [buyer] and [s]eller arising out of or relating to . . . this contract."[3]

The appellee started to experience problems with the truck almost immediately after taking possession. It had issues with its wheel alignment, suspension, and emission system. It also had dirty oil, transmission fluid, and differential fluid. Less than a month after the purchase, the truck's engine failed.

In late April 2021, approximately eight months after taking possession of the truck, the appellee filed a complaint in the circuit court against the appellants, alleging fraud in a transaction for the purchase of a vehicle. It made no mention of the parties' sales contract, and the contract was not attached to the pleading. The complaint was served on White on May 3, 2021.

By June 10, 2021, the appellants had not filed responsive pleadings, and the appellee filed a motion for default judgment. At a hearing on that motion on July 23, 2021, the

---

[3] The contract included an "opt-out" provision, which required the appellee to notify City-to-City Auto Sales in writing within ten days of signing the contract if he desired to opt out of the arbitration agreement. The appellee did not do so.

appellants, by counsel, appeared with a proposed answer to the complaint. Counsel argued against the motion for default judgment and asked for leave to file a late answer on two grounds: (1) service on City-to-City Auto Sales was defective, and (2) neither appellant ever received notice of the motion for default judgment.

The circuit court rejected the motion for leave to file a late answer on the grounds that no good cause was shown for filing a late response and any defect in service of the complaint on City-to-City Auto Sales was cured by personal service on White. The court granted the appellee's motion for default judgment and entered an order setting the case for trial solely on the issue of damages.

Within twenty-one days, on August 13, 2021, the appellants filed a motion to set aside the default judgment, accompanied by a motion to compel arbitration. At that time, the appellants presented the sales contract to the court and argued that the arbitration provision within it was governed by the Virginia Uniform Arbitration Act. The appellee objected to those motions in writing.

On January 13, 2022, the appellants filed a motion to continue the jury trial on damages in order for the court to hold a hearing on the motions to set aside the default judgment and to compel arbitration. After hearing arguments, the court denied the motion to continue because it "came too late and would cause und[ue] delay in the proceedings." At that time, the court also denied the appellants' pending motions to set aside the default judgment and send the case to arbitration.

Before trial began on January 25, 2022, the appellants renewed the motion to compel arbitration. They proffered that they were willing to pay for the costs of the jurors, the appellee's attorney fees for the day of trial, and the arbitration itself. Nonetheless, the circuit court again denied the motion on the ground that it "came too late."

Proceeding with a jury trial on the question of damages, both sides presented evidence. At the close of the appellee's case-in-chief, the appellants made a motion to strike the evidence. They argued that the appellee did not show any actual economic damages, lost revenue, or emotional damages sufficient to justify an award. At the close of all the evidence, the circuit court denied the appellants' renewed motion to strike. After closing arguments, the appellants moved for a mistrial based on allegedly improper closing argument by the appellee's counsel. The appellants contended that the appellee's counsel had encouraged the jury to consider statements made by White on direct examination that were stricken from the record. The court concluded that the objection was untimely and overruled it.

The jury returned a verdict for the appellee, awarding him $33,000 in compensatory damages and $50,000 in punitive damages. The appellants made motions for a mistrial and to set aside the verdict. The court denied both motions. It also granted the appellee's motion for attorney fees and awarded him $6,450.

The appellants noted several objections to the circuit court's final order, filed a motion to stay, and made a motion to reconsider and set aside the judgment. The court denied those motions.

ANALYSIS

The appellants challenge the circuit court's decision to not enforce the arbitration provision in the sales contract. They also appeal the awards of compensatory and punitive damages. Finally, the appellants argue that the circuit court erred by awarding attorney fees to the appellee.

I.  Arbitration Provision

The appellants contend that the circuit court erred in refusing to set aside the default judgment and refer the matter to arbitration.

- 4 -

The decision "to relieve a defendant of a default judgment under Rule 3:19(d)(1) rests within the sound discretion of a trial court." *Sauder v. Ferguson*, 289 Va. 449, 458 (2015) (quoting *Specialty Hosps. of Wash., LLC v. Rappahannock Goodwill Indus.*, 283 Va. 348, 353 (2012)). A circuit court "definition[ally] abuses its discretion when it makes an error of law." *Wynnycky v. Kozel*, 71 Va. App. 177, 193 (2019) (alteration in original) (quoting *Robbins v. Robbins*, 48 Va. App. 466, 475 (2006)). As applicable here, a circuit court abuses its discretion "when it does not consider 'a relevant factor that should have been given significant weight'; when it considers and gives 'significant weight' to 'an irrelevant or improper factor'; and when it considers 'all proper factors, and no improper ones,' but 'in weighing those factors, commits a clear error of judgment.'" *Pine Hill Grp., LLC v. Nass Grp., LLC*, 76 Va. App. 384, 388 (2023) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013). Therefore, "only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Pine Hill Grp.*, 76 Va. App. at 388 (quoting *Stark v. Dinarany*, 73 Va. App. 733, 746 (2021)).

The arbitration agreement in the parties' contract provides that at the request of either party, "[a]ny [d]ispute shall . . . be resolved by binding arbitration and not in court." Virginia's Uniform Arbitration Act provides, in pertinent part, that upon application of a party showing the existence of an arbitration agreement, "the court shall order the parties to proceed with arbitration."[4] Code § 8.01-581.02(A); *Piland Corp. v. League Constr. Co.*, 238 Va. 187, 190 (1989) (interpreting Code § 8.01-581.02); *cf.* 9 U.S.C. § 4 (providing that a "court shall

---

[4] Virginia's appellate courts have extensively analyzed the meaning of "shall" when used in a statute. *See Rickman v. Commonwealth*, 294 Va. 531, 536-39 (2017); *Bland Henderson v. Commonwealth*, 77 Va. App. 250, 257-69 (2023).

make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement").

Virginia's public policy favors "arbitration and the validity of arbitration agreements." *TM Delmarva Power, L.L.C. v. NCP of Va., L.L.C.*, 263 Va. 116, 122 (2002). Even so, "a party to a contract may waive a right conferred upon it by the contract."[5] *RMBS Recovery Holdings, I, LLC v. HSBC Bank USA, N.A.*, 297 Va. 327, 341 (2019); *see also Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022). Generally, "a waiver" is "a voluntary abandonment of some known legal right, advantage, or privilege, or such conduct as warrants an inference of the abandonment of such right, or the intentional doing of an act inconsistent with claiming it, all of which is usually dependent upon the peculiar circumstances of the case." *Travis v. Finley*, 36 Va. App. 189, 200 (2001) (quoting *The Covington Virginian, Inc. v. Woods*, 182 Va. 538, 547 (1944)). To establish waiver, the record must show "[k]nowledge of the facts basic to the exercise of the right and the intent to relinquish the right."[6] *Stockbridge v. Gemini Air Cargo, Inc.*, 269 Va. 609,

---

[5] The appellants argue pursuant to Rule 5A:18 that this Court should not consider waiver because the appellee did not make this argument below. However, "Rule 5A:18 does not require an appellee to raise an issue at trial before it may be considered on appeal, where the issue is not offered to support *reversal* of a trial court ruling." *Harris v. Commonwealth*, 39 Va. App. 670, 675 (2003) (en banc) (emphasis added) (quoting *Driscoll v. Commonwealth*, 14 Va. App. 449, 451 (1992)).

[6] The appellants contend that Code § 8.01-581.02 required the circuit court to send the case to arbitration once they presented the arbitration agreement. They cite federal cases supporting the general proposition that they did not forfeit their right to arbitration and the specific proposition that a factor relevant to the analysis is whether the party opposing arbitration would suffer any prejudice. *See, e.g.*, *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 702 (4th Cir. 2012); *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987). However, the Federal Arbitration Act did not create "arbitration-specific procedural rules" for waiver. *Morgan*, 142 S. Ct. at 1714. In addition, the United States Supreme Court has held "that prejudice is not a condition of finding that a party . . . waived its right to stay litigation or compel arbitration." *Id.* Consequently, we rely on Virginia cases rather than federal ones in deciding whether the appellants waived the arbitration provision in this case.

621 (2005); *see also Sink v. Commonwealth*, 13 Va. App. 544, 548 (1992) (noting that the legal principle of waiver "focuses on the intent of the party against whom the waiver is asserted").

A right can be waived implicitly by conduct inconsistent with the assertion of that right. *RMBS*, 297 Va. at 341; *see also Va. Auto Mut. Ins. Co. v. Brillhart*, 187 Va. 336, 349 (1948) ("It is, of course, elementary that silence, when there is a duty to speak, may result in the waiver of one's rights . . . ."). For a waiver "to be implied, it must be established by clear and convincing evidence." *RMBS*, 297 Va. at 341 (quoting *Pysell v. Keck*, 263 Va. 457, 460 (2002)). "[T]he burden rests on the party relying on a waiver . . . to prove the essentials of such waiver . . . ." *Stanley's Cafeteria, Inc. v. Abramson*, 226 Va. 68, 74 (1983) (alterations in original) (quoting *Utica Mut. v. Nat'l Indem.*, 210 Va. 769, 773 (1970)).

In this case, the sales contract provided that any dispute would be resolved through arbitration at the request of either party. City-to-City Auto Sales agreed to the arbitration provision in 2020 and, consequently, knew of its contractual right to compel arbitration before the appellee filed his complaint in April 2021. The appellants, by counsel, appeared with a proposed answer to the complaint on July 23, 2021, but did not mention the arbitration provision much less request arbitration at that juncture. Instead, the appellants waited until August 13, 2021, after the circuit court had granted the appellee's motion for default judgment, to assert its contractual right to arbitration.

This record establishes an implied waiver by clear and convincing evidence. The appellants had notice of their right to arbitration. Nonetheless, they waited three months after service of process to assert that right. Before doing so, the appellants appeared with a proposed answer to the complaint and opposed default judgment. Instead of requesting arbitration as allowed under the sales contract, the appellants acquiesced to and participated in court

proceedings, demonstrating the intent not to pursue arbitration.[7] *See RMBS*, 297 Va. at 343 (holding that a party's "delay in asserting the forum selection clauses" combined with its "active[] . . . litigation" demonstrated its waiver of its contractual right to enforce those clauses); *Stockbridge*, 269 Va. at 620-21 (presuming that a party intended to relinquish a contractual right). Consequently, the circuit court did not abuse its discretion in denying the motions to set aside the default judgment and send the matter to arbitration.

The appellants alternatively argue that the circuit court should have ordered arbitration at least on the question of damages. The only authority they cite in support of this position is Code § 8.01-581.02, which authorizes proceedings to compel arbitration. While that provision itself does not set forth any time limits on a request for arbitration, the appellants' argument is unpersuasive in light of the concept of waiver and how it logically applies in this case. Liability and damages are both essential components of the case and are therefore generally decided in the same forum. Consequently, once the right to arbitration is waived without a specific reservation of the right in regard to ancillary issues such as damages, it is waived for the entire case. Based on the record before us, we conclude that when the appellants waived their right to arbitration, they did not separately preserve the right to arbitrate the disagreement over damages. "When it is established that the party has relinquished its right, having knowledge of the right and the intention to waive it, the waiver will be enforced." *RMBS*, 297 Va. at 342. Once the appellants waived the

---

[7] Most decisions from other states considering similar fact patterns have come to the same conclusion. *See, e.g.*, *Tri-State Delta Chems., Inc. v. Crow*, 61 S.W.3d 172, 175 (Ark. 2001); *State ex rel. Barden & Robeson Corp. v. Hill*, 539 S.E.2d 106, 112 (W. Va. 2000); *Charming Shoppes, Inc. v. Overland Constr., Inc.*, 186 Misc. 2d 293, 296-99 (N.Y. Sup. Ct. 2000); *Palmetto Constr. Grp., LLC v. Restoration Specialists, LLC*, 834 S.E.2d 204, 207-08 (S.C. Ct. App. 2019), *aff'd as modified*, 856 S.E.2d 150 (S.C. 2021); *LaFrance Architect v. Point Five Dev. S. Burlington, LLC*, 91 A.3d 364, 372-74 (Vt. 2013); *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 535-39 (Tex. App. 2007). *But see Running Cars, LLC v. Miller*, 333 So. 3d 1177, 1180 (Fla. Dist. Ct. App. 2022); *Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 204 (Tex. App. 2015).

contractual right to arbitration, it was appropriate for the circuit court to resolve the question of damages by sending the issue of damages to a jury.

For these reasons, the circuit court did not abuse its discretion in denying the motion to set aside the default judgment or the motion to compel arbitration.[8]

## II. Damages

The appellants argue that the circuit court erred by approving the jury's respective awards of damages. They suggest that the amounts of compensatory and punitive damages were not supported by the evidence.

When a jury returns an excessive damages verdict, a circuit court may order a remittitur or a new trial. *Hale v. Maersk Line Ltd.*, 284 Va. 358, 376 (2012). The court's decision to accept or reject a jury's award of damages is reviewed by an appellate court for abuse of discretion. *Allied Concrete Co. v. Lester*, 285 Va. 295, 311 (2013).

An award of damages must be set aside if the amount "is so great" that it "shock[s] the conscience of the court" and "create[s] the impression that the jury" was "motivated by passion, corruption[,] or prejudice," or misunderstood "the facts or the law, or if the award is so out of proportion to the injuries suffered as to suggest that it is not the product of a fair and impartial decision." *Id.* (quoting *Edmiston v. Kupsenel*, 205 Va. 198, 202 (1964)). In conducting this review, courts view the evidence in the light most favorable to the prevailing party below, in this case, the appellee. *Shepard v. Capitol Foundry of Va., Inc.*, 262 Va. 715, 721 (2001). "If there is evidence, when viewed in that light, to sustain the jury verdict," a circuit court must accept the jury's award of damages. *Id.* A "trial court must accord the jury verdict [on damages] the

---

[8] In conducting our analysis, we assume without deciding that the appellants did not procedurally default their right to arbitration by failing to file a timely answer or other responsive pleading under Rule 3:8. *See generally McGinnis v. Commonwealth*, 296 Va. 489, 501 (2018) (assuming without deciding that an issue was properly before the Court because addressing it on the merits provided the best and narrowest ground for resolution).

'utmost deference.'" *Condo. Servs., Inc. v. First Owners' Ass'n of Forty Six Hundred Condo., Inc.*, 281 Va. 561, 580 (2011) (*quoting Bussey v. E.S.C. Rests., Inc.*, 270 Va. 531, 534 (2005)).

These well-established legal principles guide our appellate review of the issue of damages. We now turn to examine both the compensatory and punitive damage awards.

### A. Compensatory Damages

A party seeking compensatory damages must prove "with reasonable certainty" both "the amount of damages and the cause from which they resulted." *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 423 (2012) (quoting *Shepherd v. Davis*, 265 Va. 108, 125 (2003)); *see also CGI Fed. Inc. v. FCi Fed., Inc.*, 295 Va. 506, 517 (2018) (applying the same "reasonable certainty" standard "[w]hen a defrauded party seeks compensatory damages in the form of lost profits").

The evidence of damages incurred by the appellee included direct losses stemming from the purchase of the truck, as well as towing and repair costs. The appellee paid $6,000 toward the cost of the faulty truck. He testified that he also paid $3,651.66 for towing and repairs and $6,300 to rent another truck.

In addition, evidence of damages encompassed indirect losses stemming from the appellee's lost business revenue and his depression. The appellee bought the truck intending to use it for his new "car handling business." Before starting the business, the appellee earned wages of $1,000 per week. However, when he started the new business, he was unable to fulfill any car-hauling contracts between August 29, 2020, and February 9, 2021, and he lost revenue as a result. For the first eight months after opening the business, the period in which he had the faulty truck, the business lost $64,015.44. The appellee used his life savings for living expenses during that time. From May 2021 through the end of that year, after he bought a new truck to replace the faulty one, the appellee's business had an average net monthly profit of $18,720.88.

In addition to the revenue the appellee lost while he had the faulty truck, he experienced depression due to his inability to earn income.

After hearing this evidence, the jury awarded compensatory damages of $33,000. The jury was instructed that the appellee bore the burden of proof for damages, such that he "must show sufficient facts and circumstances" to provide a basis for a "reasonable estimate" of the amount of damages. The court told the jury that it "must not base [the award] in any way upon sympathy, bias, guesswork or speculation."

The record provides no indication that the jury did not follow the court's instructions. *See, e.g.*, *Prieto v. Commonwealth*, 283 Va. 149, 169 (2012) (recognizing the axiom that appellate courts presume jurors followed their instructions). The appellee testified that he paid $15,951.66 for the truck, its ensuing towing and repairs, and renting a substitute. He established business losses totaling $64,015.44. Viewing the record in the light most favorable to the appellee, it contains a sufficient basis supporting the jury's assessment of $33,000 in compensatory damages. For these reasons, the circuit court did not abuse its discretion "in determining that the verdict was not excessive and not so out of proportion to the injuries suffered as to suggest that it was not the product of a fair and impartial decision." *See John Crane, Inc. v. Jones*, 274 Va. 581, 596-97 (2007).

### B. Punitive Damages

"The purpose of punitive damages is to provide 'protection of the public, . . . punishment to [the] defendant, and . . . a warning and example to deter him and others from committing like offenses.'" *Coalson v. Canchola*, 287 Va. 242, 249 (2014) (alterations in original) (quoting *Huffman v. Love*, 245 Va. 311, 315 (1993)). "Under the common law, '[p]unitive . . . damages are allowable only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others.'" *A.H. v. Church of God in*

*Christ, Inc.*, 297 Va. 604, 636 (2019) (first alteration in original) (quoting *Xspedius Mgmt. Co. of Va., L.L.C. v. Stephan*, 269 Va. 421, 425 (2005)); *see also Bowers v. Westvaco Corp.*, 244 Va. 139, 150 (1992) ("A litigant, who seeks an award of punitive damages, must present evidence that the defendant's acts were 'so willful or wanton as to evince a conscious disregard of the rights of others, as well as malicious conduct . . . .'" (alteration in original) (quoting *Booth v. Robertson*, 236 Va. 269, 273 (1988))). This element can be proven by direct or circumstantial evidence. *Jordan v. Sauve*, 219 Va. 448, 453 (1978) (considering the level of proof necessary to support punitive damages in a fraud case).

In this case, the appellee established that the appellants fraudulently sold him a truck. When the appellee bought the truck, White represented that "a diagnostic [workup] had been done" and the vehicle was in good working order except for the air conditioner. Contrary to this representation, the truck "never operated properly." When the appellee reported the problems to White, he directed the appellee to the warranty company. By that time, the warranty had expired because the appellee had driven the truck more than 1,000 miles. These facts support the inference that the appellants either had not completed diagnostic testing on the truck or knew that the truck had extensive mechanical problems at the time of the sale. Under either scenario, White willfully lied to the appellee to complete the sale.

The jury found the evidence merited punishing the appellants. The record, when viewed in the light most favorable to the appellee, supports the jury's conclusion that the appellants' misconduct was malicious or wanton. *See Bowers*, 244 Va. at 150. "Though not inevitable, this was a possible conclusion, making the punitive damage issue one for the jury to decide . . . ."[9]

---

[9] We conclude that the holding in *Supervalu, Inc. v. Johnson*, 276 Va. 356, 368 (2008), in which the evidence was not sufficient to support the constructive fraud claim, does not require a different outcome here.

*See Jordan*, 219 Va. at 454.  Therefore, the circuit court did not abuse its discretion by accepting the jury verdict awarding the appellee punitive damages.

### III.  Attorney Fees

Last, the appellants contend that the circuit court erred by awarding attorney fees.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable th[e] Court to attain the ends of justice."  Rule 5A:18.  An appellant's opening brief must include an "exact reference" to the pages of the record or appendix reflecting where the alleged error was preserved below.  Rule 5A:20(c); *cf. Brooks v. Commonwealth*, 61 Va. App. 576, 581 (2013) (en banc) (explaining that the purpose of the exact-reference requirement is "to spare the Court from having to comb the entire record to determine whether and where the alleged error was preserved").

Below, the appellants did not challenge the award of attorney fees.  The pages that the appellants' brief cites as showing where they preserved this objection do not in fact do so.  Although the appellants objected to the damages, they did not object to the award of attorney fees.  Accordingly, this argument is barred pursuant to Rule 5A:18, and we do not consider it on appeal.  *See Tackett v. Arlington Cnty. Dep't of Hum. Servs.*, 62 Va. App. 296, 315 (2013).

### CONCLUSION

The appellants waived the contractual right to arbitration by not asserting it until after they offered a responsive pleading and the circuit court granted the appellee's motion for default judgment.  Consequently, the court did not abuse its discretion by refusing to set aside the default judgment and compel arbitration.  In addition, the damage awards were supported by the

- 13 -

evidence.  Last, review of the award of attorney fees is procedurally barred.  For these reasons, we affirm the judgment of the circuit court.

*Affirmed.*