COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Lemons[*]
Argued at Alexandria, Virginia


JOSEPH V. RINALDI
                                            OPINION BY
v.    Record No. 0239-99-4        JUDGE DONALD W. LEMONS
                                             MAY 2, 2000
CHERYL DUMSICK, FORMERLY KNOWN AS
 CHERYL RINALDI


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Michael P. McWeeny, Judge

           Robin C. Gulick (Robin C. Gulick, P.C.), on
           briefs), for appellant.

           Benjamin M. Smith, III (David L. Duff;
           David L. Duff, P.C., on brief), for appellee.


      Joseph Rinaldi ("Rinaldi") appeals a child support decree

ordering him to continue payments to Cheryl Dumsick ("Dumsick")

for support of the parties' child, Joey Rinaldi ("Joey").

Appellant contends the trial court (1) erred when it found Joey

was "severely disabled" and "unable to live independently and

support himself" within the meaning of Code § 20-124.2 and (2)

abused its discretion by failing to deviate from the support

guidelines based upon Joey's independent financial resources.

For the reasons that follow, we affirm.

---

[*] Justice Lemons prepared and the Court adopted the opinion
in this case prior to his investiture as a Justice of the
Supreme Court of Virginia.

## I.   BACKGROUND

Rinaldi and Dumsick were divorced on November 29, 1982. Pursuant to the decree, Rinaldi paid child support to Dumsick for the support of Joey, who, on October 2, 1998, reached the age of nineteen.  Joey was born with cerebral palsy, which has created a brain deficit known as "left hemiplegia."  Joey's condition has caused cognitive impairments and deficits with reasoning, language, memory and attention.  Joey has limited use of his left limbs and limited vision in his left eye.  His intelligence quotient (IQ) score of 67 is in the mentally retarded range, and he has the reading, language and math skills of a fifth grader.  Joey also suffers from "intractable seizures" which cause uncontrollable twitching of his left side and can develop into grand mal convulsions with loss of consciousness.  These seizures come without warning and the frequency has been increasing over the past two years, now occurring on a weekly basis.

Joey is a full time student in the Fairfax County public schools.  He is involved in vocational training and studying office technology and automotive technology.  Joey presently works an average of seven and one-half hours per week at a Giant Food Store loading groceries into cars.  He is paid $5.25 per hour.  The money Joey earns is deposited directly into his bank account.  He uses these funds for personal "frills," or non-necessities.  When he reached the age of eighteen, Joey

-

began receiving disability payments from the Social Security Administration. These payments average $300 per month, but fluctuate depending upon the amount of money Joey earns at Giant Food. This money is also deposited in Joey's personal bank account for his personal use.

In anticipation of Joey reaching age nineteen, Rinaldi filed with the trial court a motion to terminate child support. Dumsick subsequently filed a motion for an increase in, and continuation of, child support.

On October 22, 1998, the trial court conducted an ore tenus hearing on both motions. Pursuant to Code § 20-124.2(C) the trial court ordered the continuation of monthly support for Joey in the amount of $498.13 based on its finding that he is "severely and permanently mentally or physically disabled," "unable to live independently and support himself," and "resides in the home of the parent seeking or receiving child support."

## II. ANALYSIS

Rinaldi concedes the permanency of Joey's condition, as well as the fact that Joey resides in the home of Dumsick. On appeal, Rinaldi challenges the trial court's findings that Joey is severely disabled and that Joey is unable to live independently and support himself. Additionally, Rinaldi appeals the trial court's refusal to deviate from the guidelines in view of Joey's earned income from Giant Foods and his Supplemental Security Income (SSI) received as a result of his

-

disability. Rinaldi maintains that the court abused its discretion by failing to (1) use Joey's income as a dollar-for-dollar offset against the guideline amount of child support payable by the father; or (2) add Joey's income to Rinaldi's income, calculate the guideline amount of child support based upon Rinaldi's increased income figure, and then give Rinaldi a credit against his child support obligation in an amount equal to Joey's income.

## A. Sufficiency of the Evidence

Code § 20-124.2(C) provides, inter alia, that the court may order "the continuation of support for any child over the age of eighteen who is (i) severely and permanently mentally or physically disabled, (ii) unable to live independently and support himself, and (iii) resides in the home of the parent seeking or receiving child support." In reviewing a sufficiency challenge on appeal, "we consider the evidence in the light most favorable to the party prevailing in the trial court." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "[D]ecisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 211 (1993).

At trial, Dumsick's evidence proved that since Joey was nine months old, he has received medical care for both his

-

physical disability and his mental disability.  His physical disability includes the loss of peripheral vision in his left eye, the inability to use his left arm and hand, and the occurrence of random, "intractable seizures."  His mental disability includes limited reasoning and judgment capabilities and an IQ showing "borderline retardation."  Joey's treating physician testified that, in her expert medical opinion, his disability was "moderate to severe" compared to other problems which she has seen in her medical practice and that Joey would be unable to support himself as "an independent adult person."

Joey's pediatrician also rendered his expert medical opinion, stating that Joey is not capable of living independently at the present time.  According to him, Joey's cerebral palsy has caused a left hemiplegia that has affected Joey's motor skills.  Joey had a stroke during his prenatal period or during early infancy which left him weak on his left side.  He is cognitively impaired and has deficits in reasoning, language skills, memory and attention.

Dumsick also presented expert testimony from a career and transition expert with the Fairfax County public schools who works with physically disabled children.  She testified that recent testing showed Joey possessing reading, math and language skills consistent with a fifth or sixth grader.  She then explained the practical, vocational hardships imposed by these limitations in Joey's basic skills.  She also testified that

-

Joey is not self-supporting and is not capable of living independently.

Finally, Dumsick testified that Joey could not use his left hand, had limited vision in his left eye, and suffers from seizures. These seizures occur on a weekly basis and have become more frequent over the past couple of years.

Rinaldi presented no contrary expert testimony, medical or otherwise. Rinaldi's only evidence was that Joey calls his father now and then and holds a part-time job as a courtesy clerk for Giant Foods.

Joey's treating physician described his condition as "moderate to severe." From this statement, and based on the overwhelming, credible evidence, the trial court's conclusion that Joey's disability was severe and that he could not support himself and live independently is not plainly wrong or without evidence to support it.

B. Calculation of Support and Failure to Deviate

Code § 20-108.2 delineates the presumptive amount of child support based on the combined monthly adjusted parental gross income. That code section specifically provides that gross income "shall not include benefits from public assistance programs as defined in § 63.1-87, federal supplemental security income benefits, or child support received." Code § 20-108.2(C).

-

Based upon that statutory exclusion, we held in Bennett v. Commonwealth, 22 Va. App. 684, 472 S.E.2d 668 (1996), that a non-custodial parent is not entitled to a credit or reduction in his or her child support obligation as a result of the SSI benefits the custodial parent receives for the disabled child's disability. See id. at 695, 472 S.E.2d at 674. We stated, "'SSI benefits received by a disabled child are intended to supplement other income, not substitute for it . . . [, and] the noncustodial parent's child support obligation is not impacted by the receipt of SSI on the behalf of the disabled child.'" Id. at 694-95, 472 S.E.2d at 673 (quoting Kyle v. Kyle, 582 N.E.2d 842, 846 (Ind. Ct. App. 1991)).

Rinaldi does not dispute the gross income calculation but argues that the trial court abused its discretion in not deviating from the presumptive support obligation based on the SSI and wages from employment received by Joey. Code § 20-108.1(B) provides as follows:

> [T]here shall be a rebuttable presumption in any judicial or administrative proceeding for child support . . . that the amount of the award which would result from the application of the guidelines set out in § 20-108.2 is the correct amount of child support to be awarded. In order to rebut the presumption, the court shall make written findings in the order, which findings may be incorporated by reference, that the application of such guidelines would be unjust or inappropriate in a particular case. The finding that rebuts the guidelines shall state the amount of support that would have been required under

-

the guidelines, shall give a justification of why the order varies from the guidelines, and shall be determined by relevant evidence pertaining to the following factors affecting the obligation, the ability of each party to provide child support, and the best interests of the child:

   *       *       *       *       *       *       *

9. Independent financial resources, if any, of the child or children . . . .

In this case, the trial court expressly declined to deviate from the guidelines. Accordingly, it did not make any finding on the record that the application of the guidelines would be unjust or inappropriate. In determining whether application of the guidelines would be unjust or inappropriate, we believe the trial court properly could consider as an independent financial resource of the child both his SSI and his wages from part-time employment. See Code § 20-108.1(B)(9); Barker v. Hill, 949 S.W.2d 896, 897-98 (Ky. Ct. App. 1997) (rejecting an automatic credit or offset to the noncustodial parent's support obligation, but stating that it would be appropriate to view the disabled child's SSI benefits as independent financial resources of the child).

However, the child support guidelines in Code § 20-108.2 are presumed to be correct unless rebutted. The guidelines must be followed unless the trial court finds that their application would be unjust or inappropriate. Regarding the trial court's failure to deviate based on the SSI benefits received by Joey,

-

we hold that "[t]here is nothing inherently unjust or inappropriate about making a father support his child, if he is able to do so, before looking to a government welfare program that is intended to supplement the resources of the needy." Barker, 949 S.W.2d at 898.  Regarding the court's failure to deviate based on Joey's wages, we note that the evidence established gross wages of $170 per month but did not reflect the net income actually received by Joey.

The decision not to deviate from the guidelines is within the trial court's discretion and is to be determined upon consideration of the totality of the circumstances in each case. We cannot say the trial court's decision was plainly wrong or without evidence to support it.  The order of support is affirmed.

Affirmed.

-