COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Humphreys


JOHN MILLS BARR,
 COMMISSIONER OF LABOR AND INDUSTRY
                                            OPINION BY
v.    Record No. 1382-99-2          JUDGE ROBERT J. HUMPHREYS
                                          DECEMBER 5, 2000
S. W. RODGERS COMPANY, INC.


                    UPON A REHEARING

          FROM THE CIRCUIT COURT OF HANOVER COUNTY
            Richard H. C. Taylor, Judge Designate

          (Mark L. Earley, Attorney General; Ellen F.
          Brown, Assistant Attorney General; John R.
          Butcher, Assistant Attorney General, on
          briefs), for appellant.

          (Joseph H. Kasimer; Kasimer & Annino, P.C.,
          on brief), for appellee.


     The Commissioner of Labor and Industry ("Commissioner")

appealed the decision of the circuit court that dismissed the

bill of complaint filed against appellee for violations of the

Virginia Occupational Safety and Health ("VOSH") standards for

the construction industry.

     For the reasons that follow, we affirm in part and reverse

in part.[1]

_____

     [1] A panel of this Court, with one judge dissenting in part
and concurring in part, reversed the decision of the circuit
court and remanded the matter for further proceedings consistent
with the Court's decision.  We granted a petition for
reconsideration, from which this opinion follows.

I.   BACKGROUND

On March 31, 1995, the Commissioner cited S. W. Rodgers Company, Inc. ("Rodgers") for three violations of VOSH standards for the construction industry.  The alleged violations were improper sloping of a trench, spoil piles of dirt located at the edge of a trench, and the absence of a competent person to inspect the trench.  On April 4, 1995, Rodgers submitted a notice of contest to the citation.  On July 8, 1996, the Commissioner filed a bill of complaint against Rodgers in the Circuit Court of Hanover County ("trial court").  On July 29, 1996, Rodgers filed a grounds of defense, alleging that the bill of complaint had not been timely filed.  The Commissioner responded that the reason for the delay in filing the bill of complaint was that there had been ongoing settlement negotiations between the parties.

On April 21, 1999, the trial judge heard the case.  The Commissioner called Compliance Officer Warren Rice, who testified about conversations he had with Saul Kendall.  Kendall had identified himself to Rice as Rodgers' foreman and Rodgers' "competent person" for the purpose of complying with the trenching standard.  When the Commissioner attempted to question Rice regarding certain admissions Kendall had made, Rodgers objected to the line of questions as calling for hearsay.  Over the Commissioner's objection, the trial court excluded the statements as inadmissible hearsay.

At the conclusion of the Commissioner's case-in-chief, Rodgers moved to strike on the basis that the bill of complaint had not been timely filed.  Rodgers presented no evidence in support of this position.  Rodgers also moved to strike on the

ground that the Commissioner had failed to offer evidence that an employee of Rodgers had been exposed to the condition which was the subject of the citation.  The trial court granted Rodgers' motion to strike on the basis that the bill of complaint had not been timely filed, but denied the motion to strike on the issue of employee exposure.

## II.  ANALYSIS

### Timeliness of Filing the Bill of Complaint

The Commissioner argues that Code § 40.1-49.4(E) merely requires that the Commonwealth's Attorney be notified "immediately" and that a fifteen-month delay in the filing of a bill of complaint is not inherently unreasonable.[2]  The

_____

[2] Code § 40.1-49.4(E) provides as follows:

> Upon receipt of a notice of contest of a citation, proposed penalty, order of abatement or abatement time pursuant to subdivision A 4 (b), subsection B or C of this section, the Commissioner shall immediately notify the attorney for the Commonwealth for the jurisdiction wherein the violation is alleged to have occurred and shall file with the circuit court a bill of complaint.  Upon issuance and service of a subpoena in chancery, the circuit court shall promptly set the matter for hearing without a jury.  The circuit court shall thereafter issue a written order, based on findings of fact and conclusions of law, affirming, modifying or vacating the Commissioner's citation or proposed penalty, or directing other appropriate relief, and such order shall become final twenty-one days after its issuance.  The circuit court shall provide affected employees or their representatives and employers an opportunity

Commissioner also contends that even if the statute contemplates an immediate filing of a bill of complaint, Rodgers did not plead or assert in the trial court that it was prejudiced by the fifteen-month interval between the notice of contest and the filing of the bill of complaint in this case. Rodgers argues that the Commissioner is required to file a bill of complaint "immediately" upon receipt of a notice of contest and that failure to do so bars any action by the Commissioner.

We have not previously addressed the issue raised here. "A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." Loudoun County Dep't of Social Servs. v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993). In this case, the plain meaning of Code § 40.1-49.4(E) dictates that the only immediate action required of the Commissioner is to notify the Commonwealth's Attorney. The word "immediately" only modifies the phrase "shall notify." The General Assembly did not repeat the word "immediately" in the second portion of the sentence when referring to the filing of a bill of complaint. By virtue of the intervening "shall," the adverb "immediately" does not distribute across the conjunction, "and," into the second part of the sentence.

---

to participate as parties to hearings under this subsection.

- 4 -

In addition, we note that if the General Assembly had intended to impose a narrow time limit, it could have done so as it did in other sections of the statute.[3]

Because Code § 40.1-49.4 is a remedial statute, it should be "'construed liberally so as to suppress the mischief and advance the remedy,' as the legislature intended." Board of Supervisors v. King Land Corp., 238 Va. 97, 103, 380 S.E.2d 895, 897-98 (1989) (citation omitted). In addition, it is longstanding public policy that state actors cannot waive the right to enforce public health and safety laws. See Board of Supervisors v. Norfolk & W. Ry. Co., 119 Va. 763, 790, 91 S.E. 124, 133 (1916); Sink v. Commonwealth, 13 Va. App. 544, 547, 413 S.E.2d 658, 660 (1992). Therefore, we find that Code § 40.1-49.4(E) does not impose upon the Commissioner the requirement that a bill of complaint be filed contemporaneously with the notification of the Commonwealth's Attorney.

In holding that the Commissioner was not required to file a bill of complaint immediately upon receipt of a notice of contest, we do not hold that the Commissioner has an unlimited amount of time in which to do so. We turn now to the questions of whether the fifteen-month delay in this case was inherently prejudicial, and, if not, whether there was any actual prejudice to Rodgers.

Although no statute of limitations applies to the Commonwealth unless the statute expressly so provides, see Code

---

[3] For example, Code § 40.1-49.4(A)(3) provides that "[n]o citation may be issued under this section after the expiration

§ 8.01-231, we note that fifteen months is well within the statute of limitations for the filing of a civil action. Therefore, we find no inherent prejudice in a delay of fifteen months in filing a bill of complaint.

Here, Rodgers did not suggest or argue to the trial court that it was prejudiced by the filing delay. To obtain a dismissal for failure to file a bill of complaint within a reasonable period of time, Rodgers must present credible evidence that it was actually prejudiced by the length of the interval between the notice of contest and the filing of the bill of complaint. See Stewart v. Lady, 251 Va. 106, 114, 465 S.E.2d 782, 786 (1996) (burden of proving laches and prejudice is upon litigant asserting the defense). Rodgers made no claim that such prejudice existed.

of six months following the occurrence of any alleged violation."

## Hearsay Objection

Rodgers also argues that the statements of its foreman were inadmissible hearsay. In the alternative, it argues that the Commissioner failed to object in proper form to the trial court's finding on the hearsay issue and that the Commissioner failed to proffer the statements he intended to elicit, thereby failing to preserve the hearsay issue for purposes of appeal.

Declarations made by a party to litigation when offered through someone other than the declarant, though hearsay, are admissible in Virginia as party admissions. See Goins v. Commonwealth, 251 Va. 442, 461, 470 S.E.2d 114, 127 (1996). The party admission rule includes not only statements made by the party himself or herself, but also statements of other persons who stand in close relationship to the party. See Charles E. Friend, Law of Evidence in Virginia § 18-41 (5th ed. 1993). Thus, an agent's statements may be admitted against his or her principal if the agent made the statements while acting within the scope of employment and the agent had authority to make such statements on behalf of the principal. See id. Here, the record indicates that Kendall was Rodgers' foreman, he was on the worksite, and he had identified himself as the "competent person" responsible for the trench. Under these circumstances, the trial court erred when it ruled that Kendall's statements to Rice, though hearsay, were inadmissible as party admissions.

As to Rodgers' second argument, the statement of facts recites:

> [The Commissioner] questioned [Compliance Officer] Rice about his conversation with Saul Kendall concerning who was working in the trench. [Rodgers] objected to this line of questioning as hearsay. [The Commissioner] argued that Kendall was the company's management official at the jobs [sic] site. Kendall's statements were admissions against interest and therefore an exception to the hearsay rule. Judge Taylor disagreed and sustained the objection.

The requirement of noting a formal exception to the final adverse ruling of the trial judge has been eliminated. See Martin v. Commonwealth, 13 Va. App. 524, 414 S.E.2d 401 (1992). "The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin, 13 Va. App. at 530, 414 S.E.2d at 404 (citing Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc)).

Here, the parties concede in their statement of facts that the Commissioner properly objected to the Court's ruling at trial. Rodgers' argument that because the Commissioner failed to note this objection once again in the trial court's final order, ignores the longstanding proposition that "neither the Code nor Rules of Court mandate a specific procedure to preserve for appeal an issue objected to in the trial court." Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991). Moreover, "endorsing a decree 'seen and objected to' does not preserve an issue for appeal unless the record further reveals

that the issue was properly raised for consideration by the trial court." Konefal v. Konefal*, 18 Va. App. 612, 615, 446 S.E.2d 153, 155 (1994).

However, we agree with Rodgers' argument that, based on the statement of facts, it appears the Commissioner failed to proffer the evidence he intended to elicit, thereby failing to properly preserve this issue for purposes of appeal. See Whitaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977) (we hold that a unilateral avowal of counsel, if unchallenged, or a mutual stipulation of the testimony expected constitutes a proper proffer and that absent such acquiescence or stipulation, this Court will not consider an error assigned to the rejection of testimony unless such testimony has been given in the absence of the jury and made a part of the record in the manner prescribed by the rules of Court).

We find it unfortunate that the parties chose to file a statement of facts in lieu of a transcript in this case. The statement of facts strongly suggests the Commissioner intended to elicit the names of the persons who were working in the trench. However, because of what appears to be inartful wording, we cannot ascertain whether the Commissioner truly proffered the evidence to the trial court and cannot make a finding on this issue on the basis of the statement of facts alone.

### Employee Exposure

Rodgers next argues on cross-appeal that the trial court incorrectly denied his motion to strike on the issue of employee exposure. We disagree.

"In reviewing a sufficiency challenge on appeal, we consider the evidence in the light most favorable to the party prevailing in the trial court." Rinaldi v. Dumsick, 32 Va. App. 330, 333-34, 528 S.E.2d 134, 136 (2000) (citation omitted). "We will not reverse the trial judge's decision unless it is plainly wrong." Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991)(citations omitted).

Here, the statement of facts establishes that Rodgers dug the trench, Rodgers was at the site to hook up water lines, a pipette was attached to a water pipe at the bottom of the trench, the water pipe itself was clean, there was a footprint in the dirt at the bottom of the trench, there was a ladder in the trench, as well as an orange barricade around the trench, and Kendall, Rodgers' foreman, filled in the trench while Compliance Officer Rice was on the telephone with Rodgers' Safety Director.

Although Compliance Officer Rice saw no employees in the trench while he was present, and although Rodgers would not claim responsibility for the trench and the items in and around the trench, we cannot find, based on this evidence, that the trial court's decision in this regard was "plainly wrong." Accordingly, we affirm the trial court's denial of Rodgers'

motion to strike on the basis of employee exposure.  For the reasons set forth above, we affirm in part and reverse in part the decision of the trial court and remand for further proceedings consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed and</u>
<u>remanded in part.</u>

Benton, J., concurring and dissenting.

I concur in Part I and the portion of Part II holding that the Commissioner was not required to file a bill of complaint immediately upon notice of contest. Therefore, I would also reverse and remand this matter to the trial judge.

I would not decide the issue of prejudice, however, because the record does not establish that the parties had an opportunity to litigate that issue in the circuit court. As the majority notes, "we have not previously addressed" the meaning of the statute. Moreover, nothing on the face of the statute alerts the parties or the trial judge that prejudice is an element. The statement of facts indicates that the trial judge ruled at the conclusion of the Commissioner's case-in-chief that the bill of complaint was not timely filed. Thus, the judge had no occasion to address the issue of whether Rodgers was prejudiced by the delay of fifteen months. Because the issue of prejudice encompasses factual determinations, see Niese v. Klos, 216 Va. 701, 704, 222 S.E.2d 798, 801 (1976), I would direct the trial judge to consider on remand that issue.

Likewise, the statement of facts establishes only that "Kendall [was] . . . the foreman on site." The record does not contain any further evidence upon which we might conclude that the trial judge erred in excluding Kendall's out-of-court statements. I find no evidence in the record to support a conclusion that Kendall was authorized to speak for the

- 12 -

corporation.  See Monacan Hills v. Page, 203 Va. 110, 116, 122
S.E.2d 654, 658 (1961) (holding that statements of an agent are
admissible only if evidence proves the agent has authority to
bind the corporation and the agent is speaking in respect to
matters within the agent's scope of authority).  I agree with
the majority opinion that the statement of facts does not
contain a proffer of the excluded testimony.  Therefore, we have
no basis upon which to conclude that the trial judge erred in
sustaining the objection.