# CIRCUIT COURT OF THE CITY OF RICHMOND

C. Ray Davenport,
Commissioner of
Labor and Industry

     v.

Cleveland Construction, Inc.

January 15, 2003

Case No. HS-1228

BY JUDGE MELVIN R. HUGHES, JR.

     In this action brought under the Occupational Safety and Health Act (OSHA), defendant has filed a demurrer and plaintiff has filed a motion for leave to amend pleadings and to strike the demurrer.

     Plaintiff, C. Ray Davenport, Commissioner of Labor and Industry (Commissioner) for the Commonwealth of Virginia, cited defendant Cleveland Construction, Inc. (Cleveland) for three "other than serious" violations following inspections done between February 1, 2001, and March 8, 2001, at the construction site of the Richmond Convention Center. The citations concern trip and fall hazards and ladders. Cleveland filed a timely "Notice to Contest," the citation, and the proposed penalty. Following the failure to informally settle the dispute, the Commissioner filed the Bill of Complaint herein under Virginia Code § 49.1-49.4(E) asking the court to sustain the Commissioner's findings on the citation, penalty, and the abatement order.

     Cleveland's demurrer asks the court to dismiss the Bill of Complaint with prejudice. Cleveland claims that the Commissioner has failed to state a cause of action; specifically, the Commissioner failed to accurately and adequately cite Cleveland for violation of Virginia Occupational Safety and Health Standards (VOSH) under 29 C.F.R. § 1926.1053(a)(1)(ii) in that Item

2b of Citation 1 does not contain an order of abatement and time for abatement. Since the citation does not contain an order of abatement, Cleveland argues, it has been denied its due process rights under the United States Constitution. Cleveland argues that allowing the Commissioner to amend the citation now would deny it its due process rights under the United States Constitution.

Responding, the Commissioner has filed a Motion for Leave to Amend Pleadings and Strike the Demurrer. The Commissioner claims that abatement is not a contested issue in this case[1] because abatement has been completed by Cleveland. The Commissioner states that inspectors informed the foreman for Cleveland regarding the citation and the required abatement on site. They advised during the inspection and at the closing conference on March 8, 2001, that the abatement had been completed. This substantially satisfied the abatement order requirements of Virginia Code § 40.1-49.4(A)(1). Further the Commissioner claims that under 16 VAC 25-60-270(F), lack of an abatement order is separate from a citation. The court can separately affirm, deny, or modify the violation, penalty, or abatement element of the citation. Accordingly, based on these representations, if its motion to amend is allowed, the Commissioner will allege that abatement is not a contested issue.

### Standard of Review

On demurrer, the court examines the allegations in the plaintiff's pleading and all reasonable inferences from it to determine if they constitute a cause of action. *Peck v. Vector Resources Group, Ltd.*, 253 Va. 310 (1997).

### Analysis

The safety regulations under the Occupational Safety and Health Act (OSHA) require an employer to prevent reasonably foreseeable hazards. *Pike v. Commissioner*, 222 Va. 317, 320 (1981) *citing General Dynamics v. Occupational Safety & Health*, 599 F.2d 453 (1st Cir. 1979). Further, in Virginia, "a foreman's knowledge of facts or events on a work site is imputed to his employer." *Magco of Md., Inc. v. Barr*, 33 Va. App. 78, 84 (2000). In addition, Virginia Code § 40.1-49.4 is a remedial statute. Therefore, under *Barr v. S. W. Rodgers Co.*, 34 Va. App. 50, 58 (2000), it must be "construed liberally . . . [to] advance the remedy" (*citing Board of Supervisors v. King Land Corp.*, 238 Va. 97, 103 (1989)). In *Rodgers*, the court held that the

---

[1] The Commissioner wants to amend the pleadings to reflect this.

burden of proof is upon the party seeking to dismiss a bill of complaint to show prejudice from the delayed filing of the bill of complaint.

In this case, the Commissioner followed all the requirements under VOSH, except that the citation issued on March 30, 2001, omitted to mention the time for abatement. From the citation (submitted with the pleadings), it appears that item 2b does not have an abatement order. However, according to the Commissioner, Cleveland's foreman was informed that the abatement had been completed during the inspection. Therefore, under *Magco of Maryland*, this information can be imputed to Cleveland. Since, according to the Commissioner, Cleveland was aware of the completion of the abatement order through its foreman, omission of the abatement order in the formal citation is merely procedural. At this time, the court cannot take a position on whether abatement was resolved on site or not. However, given the Commissioner's representations, the proposed amendment would make the point of abatement moot as it would effectively remove it as an issue.

For the foregoing reasons, the Court overrules the demurrer and grants the Commissioner leave to amend pleadings to reflect that abatement is not a contested issue in this case.