## CIRCUIT COURT OF THE CITY OF MARTINSVILLE

C. Ray Davenport,
Commissioner of
Labor and Industry

v.

Thor, Inc.

July 2, 2003

Case No. CH03-034

BY JUDGE CHARLES M. STONE

This cause came on for hearing *ore tenus* on June 27, 2003, upon Respondent's Special Plea and Motion to Dismiss. The issue, which was briefed and argued by counsel, is whether the delay by the Commonwealth in filing its Bill of Complaint is inherently prejudicial to the Respondent.

### Relevant Facts

The Commissioner conducted his inspection of the premises at which Respondent worked on August 18, 1999. Violations were found and a citation was issued on October 22, 1999. Respondent filed its notice to contest on November 2, 1999, and a hearing was held on November 4, 1999. The Commissioner notified the Martinsville Commonwealth's Attorney of the contest letter on November 5, 1999. On April 27, 2000, Respondent received a letter of proposed settlement from Complainant and, in May of 2000, Respondent notified Complainant that settlement was not possible. Respondent heard nothing further until February 2003. The Commissioner has referenced administrative problems in his office, but offered no substantive reason for this thirty-four month delay. The Bill of Complaint was filed on March 10, 2003.

*The Law and Analysis*

Virginia Code § 40.1-49.4(E) provides in part: "Upon receipt of a notice of contest of a citation … the Commissioner shall immediately notify the attorney for the Commonwealth for the jurisdiction wherein the violation is alleged to have occurred and shall file with the circuit court a bill of complaint." This code section was construed in the case of *Barr v. S. W. Rogers Co.*, 34 Va. App. 50 (2000). There, the Court of Appeals held that this section "does not impose upon the Commissioner the requirement that a bill of complaint be filed contemporaneously with the notification of the Commonwealth's Attorney." The Court further stated that it was not holding "that the Commissioner has an unlimited amount of time in which to [file his bill of complaint]." In *Barr* the Commissioner filed his bill of complaint fifteen months after the Respondent submitted its contest to the citation. In reversing the trial court, the Court of Appeals answered in the negative the question of whether the fifteen-month delay in this case was inherently prejudicial. In so ruling, the appellant Court noted that, although the Commonwealth was not bound by the statute of limitations for filing a civil action, fifteen months was well within such a period of limitations.

It is an open question in the Commonwealth as to when, between "immediately" and "an unlimited amount of time," the Commissioner of Labor must file its bill of complaint to enforce its notice of citation. This Court holds that it depends on the circumstances. Attempts at settlement are to be encouraged, and if the case is complicated factually and/or legally, thirty-four months may in some limited circumstances be reasonable. The reason for delay in Barr was said to be attempts at settlement. But, in the case at bar, there were no attempts at settlement between May of 2000 and March of 2003. There may be other reasons, only surmised at here, which might justify such a delay. Administrative inconvenience is not one of them.

Respondent argues that having a citation pending against it, which must be reported by it to its insurer, its bonding company, and its bank, and which is public information available to potential customers on the internet, is detrimental to its business. Indeed, uncertainty is itself a large problem for most businesses, causing them inherent problems in planning, capital investment, and reporting of profit and loss. Such uncertainty is inherently prejudicial to a business and the longer it continues, the more prejudicial it is. Additionally, witnesses become unavailable, and recollections fade with time. Reasonable explanations for the Commissioner's delay, however, may

mitigate the prejudice from a Court's perspective. Ultimately, this requires the Court to balance the inherent prejudice caused by the delay against the reasons for the delay.

## Ruling

In this case, there was a period of forty months delay between the notice to contest the citation and the filing of the bill of complaint. Some of this delay is certainly reasonable, but there is no explanation which would justify the last thirty-four months of delay. Accordingly, under the facts of this case, the Court finds that the delay is unreasonable. The inherent prejudice to Respondent outweighs the Commissioner's unreasonable delay. The bill of complaint is ordered dismissed.