# CIRCUIT COURT OF MONTGOMERY COUNTY

C. Ray Davenport,
Commissioner of
Labor and Industry

v.

Thor, Inc.

July 3, 2003

Case No. CH-16641

BY JUDGE ROBERT M. D. TURK

On June 26, 2003, the defendant's special plea and motion to dismiss was argued before the court. Each party has had the opportunity to present a memorandum of law setting forth their respective position. Based upon the arguments and the memoranda, the court will deny the defendant's special plea and motion to dismiss at this time.

The defendant's pleas are based upon the fact that thirty-three months passed between the time the violations occurred and when the bill of complaint was filed for the enforcement of those violations, pursuant to Va. Code § 40.1-49.4(E). The defendant claims that it has been inherently prejudiced simply from the delay of thirty-three months in filing the bill of complaint.

Both parties have cited the case of *Barr v. S. W. Rodgers Co.*, 33 Va. App. 273 (2000), in their respective arguments. *Barr* dealt with a fifteen-month delay in filing the bill of complaint. In *Barr*, the court stated that there was no inherent prejudice in a delay of fifteen months in filing the bill of complaint. There was some language in *Barr* that discussed the statute of limitations and the fact that this fifteen months was well within the statute of limitations for the filing of any civil action. The defendant feels that the language in that

opinion should give this court some guidance in establishing that this 33-month delay has inherently prejudiced them.

The court in *Barr*, however, discusses Code § 40.1-49.4 indicating that it is a remedial statute and that it should be "construed liberally so as to suppress the mischief and advance the remedy, as the legislature intended." The court went further in quoting *Board of Supervisors v. Norfolk & W. Ry.*, 119 Va. 763 (1916), stating "It is longstanding public policy that state actors cannot waive the right to enforce public health and safety laws."

The court does not believe that a 33-month delay under these circumstances, especially when the defendant is well aware of the violations and citations that have been issued, would constitute any inherent prejudice to them. I will reserve, however, the right for the defendant to argue any actual prejudice that may have resulted from this delay. It is my understanding that discovery was going to be performed prior to any decision as to whether the defendant has suffered any actual prejudice.