COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Humphreys and Senior Judge Overton


C. DARRELL JONES

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2343-04-4                            PER CURIAM
                                                      FEBRUARY 1, 2005
LINDA C. CAMPANELLI


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                          James F. Almand, Judge

            (C. Darrell Jones, *pro se*, on briefs).

            (Margo B. Owen, on brief), for appellee.


        C. Darrell Jones appeals from a final decree of a divorce.  He raises fifteen separate issues,

challenging (1) the trial judge's authority to award "extraordinary medical expenses" for a minor

child, (2) the child and spousal support awards, and (3) the denial of his request for attorney's fees.

Linda C. Campanelli, his wife, seeks attorney's fees incurred in connection with this appeal.  Upon

reviewing the record and briefs, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

                                BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).  So viewed the evidence proved the parties were married on April 8, 1989

and separated on April 10, 2001.  Two children were born of the marriage.  The parties' son has

been diagnosed with severe autism and requires constant supervision.  Expert testimony indicated

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the parties' son would benefit from supplemental speech and occupational therapy. A therapist

testified that the parties' daughter suffers from depression and that she required weekly counseling

for at least one to two more years.

The wife testified regarding the costs associated with the daughter's private school, activities

for both children, private skilled supervision for the son, and summer school for the children. She

explained that due to the high needs of the children, she was unable to maintain a job with a higher

salary. Her current position affords her the flexibility required to provide the level of care the

special needs of the children demand. The wife earned $36,000 annually, and the husband earned

$92,500.

The trial judge awarded the wife $750 in monthly spousal support. The judge concluded

"the total support is $3,600 per month" for "all of the costs associated with child care, insurance and

extraordinary medical expenses," and he calculated husband's share, after giving him credit for

insurance payments, was $2,142 per month.

ANALYSIS

I.

The husband asserts the trial judge erred in requiring him to pay a portion of the

"extraordinary medical expenses" associated with the son's therapy, which the record indicates is

not covered by the parties' insurance plan. He contends the changes made to Code

§ 20-108.2(D), effective July 1, 2004, eliminated the concept of extraordinary medical expenses.

In pertinent part, Code § 20-108.2(D) provided, before the amendment, that "[a]ny

extraordinary medical and dental expenses for treatment of the child or children shall be added to

the basic child support obligation." The statute now states, in part, as follows:

> Except for good cause shown or the agreement of the parties, in
> addition to any other child support obligations established pursuant
> to this section, any child support order shall provide that the
> parents pay in proportion to their gross incomes, as used for

- 2 -

calculating the monthly support obligation, *any reasonable and necessary unreimbursed medical or dental expenses* that are in excess of $250 for any calendar year for each child who is the subject of the obligation.

Code § 20-108.2(D) (emphasis added).

Although the trial judge used the term "extraordinary medical expenses" in his order, the expenses in question are also encompassed under the phrase "any reasonable unreimbursed medical . . . expenses." The semantic change in the statute does not in any way affect the import of the trial judge's order. The order is not contrary to Virginia law, as asserted by the husband. Thus, we hold that the trial judge did not abuse his discretion by requiring the husband pay a portion of the unreimbursed medical expenses associated with the son's therapy.

II.

The husband asserts the trial judge abused his discretion in making the child and spousal support awards. We disagree.

Spousal Support

In reviewing awards of spousal support and maintenance, this Court grants great deference to the trial judge. "Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998) (citing Jennings v. Jennings, 12 Va. App. 1187, 1196, 409 S.E.2d 8, 14 (1991)). "In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it." Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

The record reveals the trial judge carefully considered the wife's employment history, her current salary, the husband's income, and the special needs of the parties' children and the effect

- 3 -

that has on the wife's employment options.  The evidence amply supports the trial judge's spousal support award.

## Child Support

"'Decisions concerning child support rest within the sound discretion of the trial court and will not be disturbed on appeal unless plainly wrong or unsupported by the evidence.'" Rinaldi v. Dumsick, 32 Va. App. 330, 334, 528 S.E.2d 134, 136 (2000) (quoting Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 211 (1993)).  The record reflects that the trial judge accurately calculated the parties' incomes and their appropriate shares of the child support obligations.

The husband contends the judge erred by deviating from the presumptive guideline amount set out in Code § 20-108.2.  We disagree.

> [A]fter determining the presumptive amount of support according to the schedule, the trial court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1.  Deviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or inappropriate.  If the applicability of the factors is supported by the evidence and the trial judge has not otherwise abused his or her discretion, the deviation from the presumptive support obligation will be upheld on appeal.

Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991).

The trial judge calculated child support pursuant to the guidelines, and he indicated, in writing, that he was deviating from the guideline amount.  The trial judge ruled that based upon the evidence, the parties' daughter required the stability presented by remaining in her private school and would require continuing therapy.  The judge concluded it was in the child's best interests to remain in the same school and deviated from the guidelines for those reasons.  In this situation, we cannot say that in deviating from the guidelines the trial judge abused his discretion.

III.

The husband asserts the trial judge erred by failing to award him attorney's fees. We are guided by the principle that "[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Upon our review of the record, we cannot conclude that the trial judge abused his discretion in denying the husband's request.

IV.

The wife requests attorney's fees incurred in connection with this appeal. Because many of the husband's arguments have little or no legal merit, we grant the wife's request for attorney's fees on appeal and remand this matter to the trial judge to assess a reasonable attorney's fee for this appeal.

Accordingly, we summarily affirm the decision, see Rule 5A:27, and remand to fix the wife's attorney's fees.

Affirmed and remanded.