COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Beales and Retired Judge Clements*
Argued at Richmond, Virginia


DEBORAH CLARE OLSON
                                                  MEMORANDUM OPINION** BY
v.       Record No. 0089-08-4                    JUDGE RANDOLPH A. BEALES
                                                        JANUARY 13, 2009
SCOTT CHARLES OLSON


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                          Rossie D. Alston, Jr., Judge

            David M. Levy (Surovell Markle Isaacs & Levy, PLC, on brief), for
            appellant.

            Timothy W. Graves (A Attorney, LLC, on brief), for appellee.


        Deborah Clare Olson (mother) appeals from a December 10, 2007 order that incorporated

findings to support the trial court's downward deviation from the child support guidelines.  She

argues that the evidence was insufficient to support the deviation.  Scott Charles Olson (father)

argues that mother did not timely note her appeal and that she did not preserve her arguments for

appeal.  Both parties request an award of their attorney's fees on appeal.  For the reasons stated

below, we affirm the court's ruling.

                                       BACKGROUND

        The parties were married in 1996.  Three children were born to the couple during the

marriage.  In October 2004, the parties separated, intending to divorce.

_____

        * Judge Clements participated in the hearing and decision of this case prior to the
effective date of her retirement on December 31, 2008, and thereafter by designation pursuant to
Code § 17.1-400(D).

        ** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties entered into a property settlement agreement (PSA) on June 20, 2006. The PSA resolved issues related to equitable distribution, child custody and visitation, and spousal support. However, the PSA specifically stated, "The parties have not agreed upon child support." In the next subparagraph, the parties agreed that father would set up an education savings plan for each of the three children and put $100 into each plan every month until each child was 22 years old. The PSA also stated that, "The parties have not agreed on an allocation of tax exemptions or deductions for the minor children of the parties."

When the trial court was asked to set child support, mother had primary physical custody of the three children, and father had 100 days of visitation with them. The trial court determined the parties' incomes and, using the appropriate formula under Code § 20-108.2, found the child support guidelines called for support to mother of $1,127 per month. The court then deviated from that amount, decreasing it by $300. The July 21, 2006 final decree did not include any explanation for the deviation.

Mother appealed the final order, arguing that the trial court did not provide its reasons for the deviation in writing, as required under Code § 20-108.1. This Court agreed and remanded the case for the trial court to provide an explanation for the deviation. Olson v. Olson, No. 2089-06-4 (Va. Ct. App. July 17, 2007).

On October 26, 2007, the trial court issued an opinion letter explaining the deviation. The court entered an order on December 10, 2007, incorporating the opinion letter into the final decree. Mother filed a motion to reconsider on Dec. 27, 2007, which the trial court denied on January 7, 2008.

ANALYSIS

I. Notice of Appeal

Father argues that mother's appeal is not properly before this Court. He claims she failed to file the notice of appeal within 30 days of "entry of the judgment, order or decree being appealed from." He asks this Court to find that the "judgment" in this case was the opinion letter signed by the trial court on October 26, 2007. He also asks for an award of his attorney's fees on appeal as mother's appeal was "untimely." We find mother properly noted her appeal from the final order in this case.

Rule 5A:6 states, "No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal . . . ." The final order here was the December 10, 2007 order, prepared by father's attorney, that incorporated the letter opinion into the final decree of divorce. Mother filed her notice with the trial court within 30 days after the entry of that order. Therefore, her notice of appeal was timely filed.

Father provides this Court with no authority for his position that the opinion letter was the final order in this case. The letter itself specifically states that it contains "further written findings," "to be incorporated by reference in the Final Decree." See Wagner v. Shird, 257 Va. 584, 587, 514 S.E.2d 613, 615 (1999) (noting the difference between rendering of a judgment and entry of a judgment). The letter was printed on letterhead from the court's chambers, and it had no place for endorsement by counsel. See Rule 1:13 ("Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served pursuant to Rule 1:12 upon all counsel of record who have not endorsed them."). Nothing in the letter suggests it is a "final judgment or other appealable order or decree."

We find the December 10, 2007 order, endorsed by the parties, was an appealable final order in this case and, therefore, mother was timely in filing her notice of appeal. Thus, we also decline to award attorney's fees to father.

## II. Preservation Under Rule 5A:18

Father claims that this appeal is not an extension of the earlier case. Therefore, he contends, mother had to present all of her arguments to the trial court after the July 17, 2007 remand from this Court, and the trial court had to timely rule on all those arguments, in order to preserve her arguments for appeal under Rule 5A:18. We disagree with husband's analysis.

Clearly, this appeal is an extension of the earlier case. The documents at the trial level all have the same case number. The December 10, 2007 order incorporates the October 26, 2007 letter opinion into the final decree from which the first appeal was taken. This letter opinion discusses the facts presented to the court before the first appeal was ever taken. The trial court had before it the parties' initial arguments and briefs when making the decision to deviate from the guidelines. The trial court had those same arguments and briefs in the record before it again when it returned to that decision after the remand from this Court on July 17, 2007 and wrote the October 26, 2007 letter opinion explaining that deviation as required by our order. We find that Rule 5A:18 did not require that mother repeat her arguments to the trial court yet again to preserve them for appeal here.

At oral argument before this Court, father admitted that mother's new arguments were "not necessarily that new" if her trial briefs and oral argument prior to the first appeal were considered. Therefore, we find father concedes, given mother did not have to make her arguments again after the remand, that she preserved her arguments under Rule 5A:18.[1]

---

[1] Father also asked for an award of attorney's fees based on mother's failure to comply with Rule 5A:18. We decline to award attorney's fees to father, as he essentially conceded at oral argument before this Court that mother preserved these arguments.

III. Deviation from the Child Support Guidelines

Mother argues that the evidence did not justify a $300 deviation from the child support guidelines. She objects to the court's consideration of the property settlement in the PSA, to the court's consideration of tax deductions for mother from claiming the dependent children and child care, and to the court's consideration of father's obligation to contribute $300 each month to the children's education funds. We find the trial court did not err in its consideration and weighing of the factors in then-Code § 20-108.1(B).[2]

During the pendency of this case, Code § 20-108.1(B) allowed a trial court to deviate from the child support guidelines in Code § 20-108.2 if the court found those guidelines were "unjust or inappropriate." Subsection (B) required that the written findings of the court justify the deviation,

> determined by relevant evidence pertaining to the following factors affecting the obligation, the ability of each party to provide child support, and the best interests of the child:
>
>   1. Actual monetary support for other family members or former family members;
>
>   2. Arrangements regarding custody of the children;
>
>   3. Imputed income to a party who is voluntarily unemployed or voluntarily under-employed; provided that income may not be imputed to the custodial parent when a child is not in school, child care services are not available and the cost of such child care services are not included in the computation;
>
>   4. Debts of either party arising during the marriage for the benefit of the child;
>
>   5. Debts incurred for production of income;
>
>   6. Direct payments ordered by the court for health care coverage, maintaining life insurance coverage pursuant to subsection D, education expenses, or other court-ordered direct payments for the benefit of the child and costs related to the

---

[2] Code § 20-108.1 has been amended several times since this divorce action was filed. For the purposes of this opinion, all references to this code section and its parts refer to the version of Code § 20-108.1 in effect from July 2004 until July 2006.

provision of health care coverage pursuant to subdivision 7 of
§ 20-60.3;

    7. Extraordinary capital gains such as capital gains resulting from the sale of the marital abode;

    8. Age, physical and mental condition of the child or children, including unreimbursed medical or dental expenses, and child-care expenses;

    9. Independent financial resources, if any, of the child or children;

    10. Standard of living for the family established during the marriage;

    11. Earning capacity, obligations and needs, and financial resources of each parent;

    12. Education and training of the parties and the ability and opportunity of the parties to secure such education and training;

    13. Contributions, monetary and nonmonetary, of each party to the well-being of the family;

    14. Provisions made with regard to the marital property under § 20-107.3;

    15. Tax consequences to the parties regarding claims for dependent children and child care expenses;

    16. A written agreement between the parties which includes the amount of child support;

    17. A pendente lite decree, which includes the amount of child support, agreed to by both parties or by counsel for the parties; and

    18. Such other factors, including tax consequences to each party, as are necessary to consider the equities for the parents and children.

2004 Va. Acts., ch. 204.

The decision whether to deviate or not from the child support guidelines is within the discretion of the trial court. See Rinaldi v. Dumsick, 32 Va. App. 330, 337, 528 S.E.2d 134, 138 (2000). "If the applicability of the factors is supported by the evidence and the trial judge has not otherwise abused his or her discretion, the deviation from the presumptive support obligation

will be upheld on appeal." Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991). Under this standard of review, we find the evidence here adequately supports the trial court's deviation.

Most importantly, the trial court explicitly considered father's obligation to pay $100 per month into an educational account for each child until that child reached 22 years of age, an expense that was not considered in calculation of the presumptive guidelines. Father was obligated to make this $300 a month payment under the PSA. In addition, as the PSA was "affirmed, ratified and incorporated" into the final decree, father was also obligated to make this payment by order of the trial court. The trial court found this obligation fell under then-factor 18, those circumstances "necessary to consider the equities for the parents and children."

Mother argues that the trial court erred in considering the $300 monthly payments. She claims on appeal, as she testified at trial, that the parties agreed when they signed the PSA that the $300 would be in addition to any child support. However, father testified otherwise. In addition, the PSA specifically and succinctly stated that the parties had "not agreed upon child support." In the very next paragraph, the PSA created the $300 obligation, without including any acknowledgement that the parties had agreed that this amount would be in addition to and independent of any child support determination.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*). The trial court found father's testimony was more credible than mother's, and we will not disturb that finding here. Although mother argues that the trial court did not properly weigh this evidence, we find the trial court did not abuse its discretion in weighing this circumstance.

The trial court also based its deviation from the presumptive guidelines on then-factor 14. Mother argues the trial court could not consider this factor because the trial court did not exercise its authority under Code § 20-107.3, but rather the parties signed a PSA that resolved all the equitable distribution issues. We disagree with mother's interpretation of this factor.

Then-factor 14 allowed the trial court to deviate from the guidelines based on "*[p]rovisions* made with regard to the marital property under § 20-107.3." (Emphasis added.) Nothing in the language of that factor required that the trial court *order* the division of marital property. Indeed, it is under the provisions of Code § 20-107.3(I) that a trial court is specifically allowed to affirm, incorporate, and ratify a PSA into a final decree, as the trial court did here. Subsection (I) also states, "Agreements, otherwise valid as contracts, entered into between spouses prior to the marriage shall be recognized and enforceable." Therefore, by referencing the provisions of Code § 20-107.3 generally, the legislature clearly did not intend to restrict a trial court's consideration under Code § 20-108.1(B) to only court-ordered distribution of marital property. See Hubbard v. Henrico Ltd. Pshp., 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998) (noting that courts should defer to the plain language of a statute). The trial court here, therefore, did not err in considering the division of the marital estate in the PSA.

Mother also argues that the trial court erred in considering the various tax consequences under then-factor 15 because the evidence did not indicate the actual tax consequences for her and for father. However, the trial court had the parties' incomes and past tax filings before it during these proceedings. Although an exact number for future benefits could not be calculated, mother has provided this Court with no authority for her assertion that deviations from the guidelines can only be based on actual monetary figures. As most of the factors, and indeed the child support guidelines themselves, are based on assumptions about future income and expenses, mother's suggestion that the trial court must have a "specific dollar amount of worth

- 8 -

for the child care credit" seems unwarranted. We find the trial court had sufficient information to consider and weigh this factor.

## CONCLUSION

Upon consideration of the trial court's overall rationale for deviating from the child support guidelines, we find the trial court did not abuse its discretion or misapply the statutes in deviating from the guidelines. Therefore, we affirm the child support award. We decline to award attorney's fees on appeal to either party.

<u>Affirmed.</u>