# CIRCUIT COURT OF ISLE OF WIGHT COUNTY

C. Ray Davenport,
Commissioner

v.

C. R. Meyer & Sons, Inc.

December 16, 2015

Case No. CL15-396

By Judge L. Wayne Farmer

This matter came before me for hearing on November 24, 2015, upon the Defendant's Special Plea and Motion To Dismiss. The issue before the Court is whether the delay by the Commissioner in filing the bill of complaint caused inherent or actual prejudice to the Defendant.

## Relevant Facts and Procedural History

On October 5, 2012, an accident occurred at a worksite located on property owned by International Paper in Isle of Wight County, Virginia. The Commissioner conducted an inspection of the site and on April 1, 2013, issued a citation against the defendant. On April 15, 2013, the defendant notified the plaintiff of its intention to contest the citation. The Commissioner filed a complaint with this Court on May 22, 2015.

## Law and Analysis

Virginia Code § 40.1-49.4 provides in part "Upon receipt of a notice of contest of a citation . . . the Commissioner shall immediately notify the attorney for the Commonwealth for the jurisdiction wherein the violation is alleged to have occurred and shall file with the circuit court a bill of complaint." This code section was construed in the case of *Barr v. S. W. Rodgers Co., Inc.*, 34 Va. App. 50, 537 S.E.2d 620 (2000). In *Barr*, the Court of Appeals held that the bill of the complaint did not need to be filed

contemporaneously with the notice to the attorney for the Commonwealth. Further, the Court held that there was no statute of limitations specifically applicable to such filings. However, the *Barr* Court also stated that "we do not hold that the Commissioner has an unlimited amount of time in which to do so." To determine if a delay in filing is unreasonable, the Court must determine if the length of delay "was inherently prejudicial, and, if not, whether there was actual prejudice" to the defendant. "To obtain a dismissal for failure to file a bill of complaint within a reasonable period of time," the defendant "must present credible evidence that it was actually prejudiced by the length of the interval between the notice of contest and the filing of the bill of complaint." *Barr* at 624.

The defendant urges the Court to adopt the two year statute of limitations set forth in §§ 8.01-243(A) and 8.01-248 of the Code of Virginia. Both establish a statutory limit of two years. The filing in this matter was twenty-five months after the notice to the Commonwealth's Attorney and would be outside those periods. The Court rejects that suggestion and finds, pursuant to *Barr*, that the statute of limitations does not apply. Further, the Court does not find that the twenty-five month delay is inherently prejudicial.

Therefore, the remaining issue is whether the defendant has established by "credible evidence" that they have been "actually prejudiced" by the delay. *Barr* at 624.

The defendant called two witnesses, Darren Lett, president of C. R. Meyer, and Brian Bork, safety manager for C. R. Meyer. Lett testified that the pending citation negatively and significantly affected the defendant's ratings on internet based review sites utilized by potential customers to evaluate C. R. Meyer and similar companies. He indicated that it was industry practice to utilize these sites when determining what company to employ. He indicated that the sites were utilized by both current customers and potential customers. He further testified that, since the citation and the reduced rating, the defendant has bid for new jobs with some of its current customers and has not been hired to do the work. He did say that he could not specifically say it was a result of the low ratings, but he believed that it was.

Lett further testified that the company had received communication from a current customer, Clearwater Paper, indicating that they needed to take steps to rectify their negative rating. The defendant offered an email exchange to confirm this exchange. The implication was that failure to correct the rating would negatively impact the business relationship between Clearwater and the defendant.

Finally, Lett testified that the outstanding citation and the delay in getting the matter resolved had affected the company's business planning and had made it difficult to address the matter with current and potential customers.

Bork testified that he had attempted to conduct a thorough investigation immediately after the accident and had interviewed employees of C. R.

Meyers. However, he had not been allowed to interview employees of another company that was on the scene at the time, and the company had declined to provide names of those employees. He testified that there were a number of employees that had been hired locally in Virginia for the job and that, with the passage of time, the defendant had lost contact with six of the seven employees who were potential witnesses in the matter. Additionally, he testified that three regular employees assigned to the project had left the company and their whereabouts were unknown. Among them was the project manager overseeing the project, a necessary witness.

Finally, Bork also testified that, at the time of the accident, the site of the accident was under construction. With the passage of time, the work has now been completed, and the site of the accident is an operational facility making investigation more difficult.

The plaintiff called no witnesses and offered no testimony as to the cause of the twenty-five months between the notice to the attorney for the Commonwealth and the filing of the complaint; however, upon questioning by the Court, the attorney for the plaintiff offered that it was a matter of "manpower and caseload."

After considering the testimony of witnesses and reviewing the decision in *Barr*, the Court finds that the defendant has met the burden of presenting credible evidence that they have been actually prejudiced by the length of the interval between the notice of contest and the filing of the bill of complaint. Further, the Court finds the limited explanation offered by plaintiff's counsel to be unreasonable. Therefore, the Motion To Dismiss filed herein by the defendant is granted, and the bill of complaint is ordered dismissed.